**CRANE DISTRIBUTING COMPANY,
Appellant,**

v.

**GLENMORE DISTILLERIES, Appellee.**

**No. 13606.**

United States Court of Appeals
Sixth Circuit.

June 2, 1959.

William Mellor, Louisville, Ky. (John Y. Brown, Miller & Griffin, Lexington, Ky., on the brief), for appellant.

J. H. Gold, Louisville, Ky. (Chas. I. Dawson, of Bullitt, Dawson & Tarrant, Louisville, Ky., on the brief), for appellee.

Before MARTIN, Chief Judge, McALLISTER, Circuit Judge, and MATHES, District Judge.

MATHES, District Judge.

This appeal is from a summary judgment dismissing on the merits, for failure to state a claim upon which relief can be granted, an asserted cause of action under the Federal anti-trust laws. [Fed.R.Civ.P. 12(b) (6), 56(b), 28 U. S.C.A.]

The claim in question for threefold damages [15 U.S.C.A. § 15], based upon asserted violations of 15 U.S.C.A. §§ 1 and 2, is set forth in Count I of appellant's five-count complaint. The remaining four counts present alleged causes of action arising under Kentucky law and are not before us upon this appeal, the District Judge having made an "express determination that there is no just reason for delay", and having directed entry of final judgment of dismissal as to Count I only, as permitted by Rule 54(b).

From Count I of the complaint, as supplemented by appellant's answers to interrogatories relied upon by appellee in support of the motion for summary judgment, it appears that the claim asserted under the Federal anti-trust laws, briefly put, is: (1) that appellant, doing business solely in Kentucky, was one of the distributors to retailers in Kentucky of appellee's products, including "the Yellowstone line" and Glenmore's Kentucky Tavern whiskey, which are produced and distilled only in Kentucky, but are exported and sold by appellee "for beverage purposes throughout the United States"; (2) that Gross Distributing Company is "a distributor of alcoholic beverages in interstate commerce, with its principal office * * * at Lexington, Kentucky"; (3) that "Glenmore [appellee], Gross and others * * * conspired to create * * * a monopoly and illegal restraint of trade and commerce in the liquor industry among the several states, including Kentucky, to the detriment of the public"; (4) that pursuant to and in furtherance of this conspiracy, appellee "informed plaintiff [appellant] that plaintiff would not be allowed to keep the Yellowstone line * * * unless plaintiff, on its resale of Kentucky Tavern whiskey to retailers * * * gave rebates to such retailers and thereby sold to the retailers Kentucky Tavern whiskey at a maximum price below the prescribed minimum" fixed by the contract between Glenmore and its distributors, including appellant, and sanctioned by Kentucky's "fair trade" law [K.R.S. §§ 244.380, 244.390 et seq.]; (5) that appellant in turn notified Glenmore that "it would not give rebates and would not sell Kentucky Tavern whiskey to retailers at a price below the minimum price fixed by the fair trade contract"; (6) that appellee thereupon "terminated the Yellowstone agreement with plaintiff and placed such lines with Gross * * * and, at the direction of Glenmore, plaintiff did deliver to Gross all whiskeys in the Glenmore line that the plaintiff had in his warehouse which was paid for by Glenmore by its check, and not by Gross."

Both parties agree that the case does not involve "any immunity bath

granted by the Miller-Tydings Act or the McGuire Act." See Schwegmann Bros. v. Calvert Distillers Corp., 1951, 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035. But absent some "immunity bath" all price fixing is illegal, if within the purview of the Federal anti-trust laws, regardless of whether the prices fixed be wholesale or retail, maxima or minima. Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 1951, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219; United States v. Bausch & Lomb Optical Co., 1944, 321 U.S. 707, 721–722, 64 S.Ct. 805, 88 L. Ed. 1024; Dr. Miles Medical Co. v. John D. Park & Sons Co., 1911, 220 U.S. 373, 405, 31 S.Ct. 376, 55 L.Ed. 502.

■■ Appellee insists, however, that the claimed conspiracy is not within the coverage of the Federal anti-trust laws because any alleged restraint upon commerce and attempt at monopoly could affect at most only local trade; that appellant's charges add up to nothing more than the refusal of one trader to sell to another; and that in all events no economic injury to the public is shown.

Each of these contentions is answered in the recent opinion of the Supreme Court in Klor's, Inc. v. Broadway-Hale Stores, Inc., 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741; and see Moore v. Mead's Fine Bread Co., 1954, 348 U.S. 115, 118–120, 75 S.Ct. 148, 99 L.Ed. 145. No useful purpose would be served in repeating here what is so forcefully said there, and which calls for reversal of the judgment in the instant case.

We are prompted to add the observation that, although appellant alleges appellee and others "conspired to create * * * a monopoly" in violation of 15 U.S.C.A. § 2, as well as "an illegal restraint of trade" in violation of 15 U. S.C.A. § 1, facts are not alleged in the complaint which would serve as "fair notice" of any claim for damages to appellant's trade or business proximately resulting from any monopoly or attempt thereat. Cf: Conley v. Gibson, 1957, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed. 2d 80; Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319. If appellant seriously asserts a claim based upon an alleged violation of 15 U.S.C.A. § 2, the complaint should be amended to allege it separately. [Fed.R.Civ.P. 10(b).]

· The summary judgment dismissing Count I of appellant's complaint will be reversed and the cause remanded to the District Court for further proceedings not inconsistent with this opinion.