Dwight Lowell MATHES et al., Plaintiffs,

v.

Christopher W. NUGENT, personally and as Employment Security Administrator, Bureau of Employment Security, Department of Labor, State of Illinois, et al., Defendants.

No. 75 C 37.

United States District Court, N. D. Illinois, E. D.

April 7, 1976.

James M. Rogan, H. Barringer Pusch and Jerry C. Lagerquist, Schumacher,

Wade, Jones, Kelly & Olson, Michael R. Abramovic, Chicago, Ill., for plaintiffs.

Richard C. Robin, Sp. Asst. Atty. Gen., for defendants; Vedder, Price, Kaufman & Kammholz, Chicago, Ill., of counsel.

## MEMORANDUM OPINION

GRADY, District Judge.

This case was brought by employees of the Illinois Bureau of Employment Security of the Illinois Department of Labor. The plaintiffs represent themselves and all other employees of the Bureau and allege that the defendant state officials and defendant state departments failed to follow procedures mandated by the United States Department of Labor in 45 CFR Part 70 for state agencies which receive grants-in-aid from the federal government pursuant to the Wagner-Peyser Act, 29 U.S.C. § 49 et seq. The Wagner-Peyser Act, in respects relevant here, gives assistance to the states in setting up programs to benefit the unemployed. The regulations in issue require the Bureau to base its employment practices on a merit system.

Before the Court is defendants' motion for summary judgment based primarily on an alleged lack of jurisdiction. Our decision is made more complicated by defendants' failure to brief certain other grounds asserted in their motion and by their having argued certain grounds for summary judgment not contained in their motion.

## JURISDICTION

The plaintiffs have asserted that jurisdiction is based on 28 U.S.C. §§ 1337 and 1343(3) and (4). We agree that we have jurisdiction under § 1343(4) and therefore deny the defendants' motion in this respect.

Section 1343(3) and (4) reads as follows:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> \*    \*    \*    \*    \*    \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

This section has traditionally been regarded as granting the district court jurisdiction over claims brought under 42 U.S.C. § 1983, which reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

■ There is no question that the plaintiffs have stated a proper claim for relief against the individual defendants under § 1983. As is seen clearly from the wording of the statute, it protects individuals deprived of statutory rights as well as constitutional rights. Therefore, defendants' arguments that the plaintiffs have been deprived of no due process rights are not material.[1] The question instead is whether the plaintiffs have been deprived of rights guaranteed to them by the Wagner-Peyser Act. These rights need not be categorized as personal or property rights before we can decide this question, for the distinction between such rights was eliminated by the Supreme Court in *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). After *Lynch,* the kind of right infringed is no longer a relevant inquiry under § 1983. Accordingly, we hold that the plaintiffs have stated a claim for relief under § 1983 for violation of the rights guaranteed to them under regulations promulgated pursuant to § 12 of the Wager-Peyser Act, 29 U.S.C. § 49k.[2]

■ Having so decided, we must now determine whether § 1343 grants jurisdiction over this claim. We hold that jurisdiction exists under § 1343(4), which has been held to grant jurisdiction over statutory § 1983 claims. Section 1983 is a statute providing for "civil rights" for purposes of subsection (4). *Blue v. Craig,* 505 F.2d 830 (4th Cir. 1974); *Gomez v. Florida State Employment Service,* 417 F.2d 569, 580 n. 39 (5th Cir. 1969). We expressly do not decide whether jurisdiction may be based on § 1343(3).[3] In view of our discussion

---

1. The plaintiffs did make an allegation of constitutional deprivation in paragraph 40 of their complaint. Defendants' motion asked not for dismissal of the complaint on the merits, however, but for dismissal on grounds of lack of jurisdiction. Our jurisdiction is based on the allegation of statutory violation, and therefore we need not decide whether we would have jurisdiction if the complaint alleged merely constitutional violations. Needless to say, we express no opinion on whether the plaintiffs will ultimately prevail on the constitutional claims.

2. The defendants have contended that the regulations were not violated and that therefore the plaintiffs have not stated a claim for relief. This assertion was based on testimony by Eugene J. Rouleau, an official of the United States Civil Service Commission, in *American*

*Federation of State, County and Municipal Employees v. Nugent,* 74 C 2174 (N.D.Ill.1975). However, just as Judge Will in that proceeding apparently declined to accept Mr. Rouleau's testimony (see opinion of June 6, 1975), we also decline to abdicate our role in deciding the law of this case. Whether the defendants complied with the regulations in this case must be decided not on the basis of a witness' conclusions, but as a result of our own findings.

3. The Fourth Circuit in a scholarly and exhaustive opinion in *Blue, supra,* held that jurisdiction over a statutory § 1983 claim exists under § 1343(3) even where the claim is based on a statute not providing for "equal rights." The court based its decision on an examination of legislative history and concluded that the

below on the Eleventh Amendment, we also need not decide whether, as the court held in *Gomez, supra,* jurisdiction may be based on § 1337.[4]

### ELEVENTH AMENDMENT

■ The plaintiffs have sued not just the individuals alleged to have violated the regulations, but also various state departments and the state itself. Although these defendants have not asserted the Eleventh Amendment as a defense, the amendment is a jurisdictional bar and must be raised by the Court. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Accordingly, we hold that the Eleventh Amendment bars this action as to these defendants.

■ No assent to suit was given by the state. Failure to raise the immunity as a defense does not constitute assent; nor does acceptance of benefits under the Wagner-Peyser Act. *Edelman v. Jordan, supra.*

### EXISTENCE OF AN ACTUAL CONTROVERSY AS TO CERTAIN ALLEGATIONS

■ In their motion, defendants asserted that the plaintiffs failed to allege an actual controversy with respect to certain allegations in the complaint. The defendants, however, did not argue this ground for summary judgment in their memoranda, except as it related to the testimony by Eugene J. Rouleau, an official of the United States Civil Service Commission, in *American Federation of State, County and Municipal Employees (AFSCME) v. Nugent,* 74 C 2174

(N.D.Ill.1975). For the reasons expressed in Footnote 2, *supra,* we refuse to consider ourselves bound by that testimony. Furthermore, we think that the allegations challenged do state an actual controversy and decline to dismiss them at this point.

### COUNTS V AND VII

■ Defendants assert that Counts V and VII should be dismissed because this Court has no power to review the routine employment decisions of state officials. In this contention, they seek support in the following observation by Judge Will in *AFSCME, supra,* opinion of June 6, 1975, at 19:

> . . . United States District Courts do not have jurisdiction routinely to review administrative determinations of state personnel officers in individual cases absent constitutional violation.

This statement was made as dictum, and with all respect to Judge Will, we think this Court has jurisdiction in cases of federal statutory violations as well as constitutional violations. Otherwise, we would be faced with the anomalous situation that jurisdiction exists over Count I, which deals with the violations in general and their effect on the class as a whole, but not over Counts II through IX, which involve the effect of the violations on individual employees. We can see no reason for the distinction. In our view, the considerations that cause us to exercise jurisdiction under § 1343(4) apply with the same force to Counts II through IX as they do to Count I.

---

insertion of the language in subsection (3) limiting statutory claims to those involving equal rights was inadvertent. Although we are impressed by the court's reasoning, we need not decide this question here. It should be noted that the Supreme Court on several occasions has expressly declined to decide whether jurisdiction may be so based. *See Hagans v. Lavine,* 415 U.S. 528, 533 n. 5, 94 S.Ct. 1372, 1377, 39 L.Ed.2d 577, 585 (1974).

4. The court in *Gomez* implied a private remedy under the Wagner-Peyser Act and therefore found jurisdiction under § 1337, which grants jurisdiction over actions based on an act of

Congress regulating interstate commerce. *Gomez* is not strictly on point since the plaintiffs there were migrant workers, part of the class of people Congress intended to benefit directly by the Act. In the present case, on the other hand, the plaintiffs are state employees implementing the congressional intent of benefiting unemployed workers. They are not the ultimate beneficiaries of the Act, and the purpose of the regulations at issue here was not directly to benefit them, but rather to assure that the state program for the unemployed would be carried out efficiently.

## STANDARD OF PLEADING

The defendants assert that the complaint was not stated with sufficient particularity and fails to allege facts giving rise to a cause of action.[5] Under Rule 8, Fed.R.Civ.P., a complaint need contain only a short and plain statement of the claim, showing that the plaintiff is entitled to relief. Plaintiff need not plead evidentiary facts; instead, a complaint is sufficient if it "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80, 85 (1957). Our reading of the complaint shows that it is more than sufficient to meet that standard.[6]

Defendants also contend that the complaint fails to separate the different claims into different Counts, as required by Rule 10(b). In making this contention, they have misread the rule. All it requires is that each claim founded on a separate transaction or occurrence be stated in a separate count "whenever a separation facilitates the clear presentation of the matters set forth." The complaint as it stands is sufficiently clear. *See Moore's Federal Practice,* Par. 10.03.

Accordingly, judgment is entered in favor of Bureau of Employment Security, Department of Labor, State of Illinois; Department of Labor, State of Illinois; Department of Personnel, State of Illinois; Civil Service Commission, State of Illinois; and State of Illinois. In all other respects, the defendants' motion is denied.

5. The paragraph of defendants' motion that makes this assertion is number 8, which reads:

    SAMUEL O. DUNN, JR. in Count V and ANDREW DISANTE in Count VII fail to state a claim upon which relief can be granted because no operant facts, or even conclusions of fact, are alleged to support even the broad and wide-sweeping conclusions of discrimination and non-compliance in Count I.

    As we read this paragraph, it asserts that Counts V and VII should be dismissed because Count I, upon which they are based, is insufficient. Nowhere in their motion have defendants moved to dismiss Count I or the other Counts for the same reason.

6. In arguing this aspect of their motion, defendants have treated the complaint as though it were alleging employment discrimination. As this opinion makes clear, however, this case involves not employment discrimination, but rather a civil rights violation for breach of a statutorily imposed duty.