**Edward T. HANLEY and John T. Gibson, Plaintiffs-Appellants,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE et al., Defendants-Appellees.**

No. 78–3240.

United States Court of Appeals, Sixth Circuit.

Argued April 18, 1980.

Decided May 5, 1980.

Arnold Morelli, Bauer, Morelli & Heyd Co., LPA, Cincinnati, Ohio, for plaintiffs-appellants.

Leonard Schaitman, Paul F. Figley, Dept. of Justice, Torts Section, Civil Division, Washington, D. C., James C. Cissell, U. S. Atty., Anthony W. Nyktas, Asst. U. S. Atty., Cincinnati, Ohio, for defendants-appellees.

Before EDWARDS, Chief Circuit Judge, and KENNEDY and JONES, Circuit Judges.

PER CURIAM.

Plaintiffs (a class of union officers and officials) are appealing the grant of summary judgment by the district court. The Plaintiffs sought injunctive relief against the Defendants, (the United States, United States Department of Justice, the United States Department of Labor, and three United States Attorneys) for violations of the Federal Privacy Act, 5 U.S.C. § 552a *et seq.* This violation involved the transfer of certain records from the Department of Labor to the Justice Department and a subsequent subpoena of these records by a grand jury. This complaint was filed on May 27, 1977. On June 24, 1977, the Defendants filed a motion to dismiss or for summary judgment. Judge Porter granted the Plaintiffs an extension of time to respond to the motion to dismiss in order to pursue discovery. Subsequently, the Defendants filed a motion for a protective order arguing that depositions by attorneys would impinge on pending criminal prosecutions.

Judge Porter after an in camera inspection of a representative sample of these records found that they were not kept within a 'system of records' within the meaning of 5 U.S.C. § 552a(a)(5). This meant that the records were not protected by the Privacy Act. We agree. Plaintiffs argue that the court erred in not granting discovery so that they could prove the documents are protected by the Privacy Act, and that the Court denied them their rights through its in camera investigation of these records. We find these arguments to be without merit.

We have considered all of the other arguments presented by the Plaintiffs and we find them without merit. In addition, the injunctive relief sought by the Plaintiffs is precluded under the Privacy Act by the failure of Congress to provide for such relief. *Cell Associates v. National Institutes of Health,* 579 F.2d 1155 (9th Cir. 1978).

The district court's grant of summary judgment is affirmed.