Richard WINDSOR, Plaintiff,

v.

**A FEDERAL EXECUTIVE AGENCY,**
etc., et al., Defendants.

Civ. A. No. 3–83–0509.

United States District Court,
M.D. Tennessee,
Nashville Division.

Opinion Filed Oct. 25, 1983.

On Leave to File Amended
Complaint Dec. 1, 1983.

On Motion for Summary Judgment
Feb. 3, 1984.

On Motion to Alter or Amend
Judgment Feb. 17, 1984.

On Motion to Perpetuate Testimony
March 13, 1984.

Richard L. Windsor, pro se.

Joe Brown, U.S. Atty., Nashville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge.

The rules governing pleading in the federal courts require a complaint to contain " * * * a short and plain statement of the claim * * * " and the averments therein must be " * * * simple, concise, and direct." Rule 8(a)(2), (e)(1), F.R.Civ.P.; see *United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir.1978). This is the only permissible pleading authorized for filing in a federal district court. *Harrell v. Directors of Bur. of Narcotics, Etc.*, 70 F.R.D. 444, 446[2] (D.C.Tenn.1975). The complaint herein is deficient.

■ Mr. Windsor's complaint consists of 11 pages with a 7½-page exhibit appended thereto. He proposes to amend such complaint so as to add thereto five more pages of allegations along with some 24 pages of exhibits.[1] Since exhibits to a pleading are considered a part thereof, Rule 10(c), F.R.

Civ.P., the plaintiff offers a complaint containing a total of 47½ pages. This is excessive.

Stripped of its verbosity, Mr. Windsor's claim seems to be that the defendants wronged him, by submitting to the disciplinary arm of the Supreme Court of Tennessee a document containing false information about him and that, as a proximate result thereof, he was damaged and is entitled to be compensated therefor. In the opinion of the Court, it does not require nearly four-dozen pages to state such a relatively simple claim and to outline briefly the legal grounds for recovery.

■ In addition to its length (and, logically, as a result), the complaint is confusing and distracting; it contains numerous allegations which are irrelevant and otherwise improper. The detailed history of Mr. Windsor's difficulties with his former employer is well-documented, see *Windsor v. The Tennessean*, 719 F.2d 155 (6th Cir. 1983), and need not be rehashed herein; his earlier lawsuit is a part of the records of this Court and, to the extent such might become relevant herein, the Court can take judicial notice thereof. Rule 201(b), F.R. Evid.; *Harrington v. Vandalia-Butler Bd. of Ed.*, 649 F.2d 434, 441[7] (6th Cir.1981).

■ " * * * [T]he purpose of a pleading is to state the ultimate facts constituting the claim or defense relied upon in short and plain terms without pleading the evidence in support of such facts * * * ." *Commissioner of Internal Revenue v. Licavoli*, 252 F.2d 268, 272[1] (6th Cir.1958). Thus, it is not required that a plaintiff plead evidentiary matters, *Mathes v. Nugent*, 411 F.Supp. 968, 972[8] (N.D.Ill.1976); and " * * * [i]t has long been basic to good pleading that evidentiary matters be deleted. * * * " *Control Data Corp. v. International Business Mach. Corp.*, 421 F.2d 323, 326 (8th Cir.1970). Mr. Windsor's complaint is replete with evidentiary statements adding nothing but confusion.

Lastly, the complaint is overly-confusing because the plaintiff has not separated ade-

1. " * * * Of course, lengthy exhibits containing extraneous or evidentiary material should not be attached to the pleadings. * * * " 5 Wright and Miller, Federal Practice and Procedure: Civil, 489, § 1327.

quately his different claims for relief. Although Rule 10(b), F.R.Civ.P., may not require expressly the use of separate counts in the statement of different theories of recovery, such is often desirable: " * * * Pleadings will serve the purpose of sharpening and limiting the issues only if claims based on [one theory of recovery] are set forth separately from those based on [another theory of recovery]. * * *" *O'Donnell v. Elgin, J. & E. Ry. Co.,* 338 U.S. 384, 392, 70 S.Ct. 200, 205[5], 94 L.Ed. 187 (1949).

In this Circuit, a complaint seeking relief under more than a single statute must set out the different claims separately. *Distributing Company v. Glenmore Distilleries,* 267 F.2d 343, 345[3] (6th Cir.1959). " * * * The objective of Rule 8, *supra,* was to make complaints simplier, rather than more expansive. * * *" *Harrell v. Directors of Bur. of Narcotics, Etc., supra,* 70 F.R.D. at 445[2], citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103[10], 2 L.Ed.2d 80 (1957). Obviously, that objective has not been fulfilled herein, because the complaint does not comply with the requirements of Rule 8, *supra.* Accordingly, it hereby is

ORDERED that, not more than 20 days herefrom, the plaintiff amend his complaint herein so as to comply substantially with Rule 8(a)(2), (e)(1), *supra.*[2]

## ON LEAVE TO FILE AMENDED COMPLAINT

Although the amended complaint tendered by the plaintiff does little to promote

the concept of "notice-pleading", it is at a minimum some improvement. Accordingly, the motion of the plaintiff for leave to file such complaint hereby is

GRANTED. Rule 15(a), F.R.Civ.P.

## MEMORANDA OPINIONS AND ORDERS

## ON MOTION FOR SUMMARY JUDGMENT

This is a civil action for damages brought by a former assistant United States attorney of this district, Richard L. Windsor, Esq., against the United States Department of Justice and certain unknown named agents of that agency. Mr. Windsor moved for a partial summary judgment (on the issue of liability), Rule 56(a), (c), F.R.Civ.P.; and the defendants moved for a dismissal *inter alia* for the failure of the plaintiff to state a claim upon which relief can be granted or, alternatively, for a summary judgment, Rules 12(b)(6), 56(b), F.R. Civ.P. The motion of the defendants has merit.

The thrust of Mr. Windsor's complaint[1] is that the defendants disseminated wrongfully false information concerning him to the Board of Professional Responsibility of the Supreme Court of Tennessee (the Board), which body serves as that Court's disciplinary-arm over the conduct of attorneys admitted to practice law in this state. *See* Rule 9, § 5, Rules of Supreme Court of Tennessee.[2] This is alleged to have oc-

---

**2.** In the event the plaintiff does so amend, the defendants may renew their motion to dismiss, addressing the same to the allegations of the amended complaint. *See Fritz v. Standard Sec. Life Ins. Co. of New York,* 676 F.2d 1356, 1358[4] (11th Cir.1982) (amended complaint supercedes original complaint).

**1.** All references herein to "the complaint" refer to the amended-complaint of November 14, 1983 which superceded the original complaint herein. *Fritz v. Standard Sec. Life Ins. Co. of New York,* 676 F.2d 1356, 1358[4] (11th Cir. 1982).

**2.** " * * * Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States and the District of Columbia within their respective jurisdictions. The States prescribe the qualifications for admission to practice and the standards of professional conduct. They also are responsible for the discipline of lawyers. * * *" *Leis v. Flynt,* 439 U.S. 438, 442, 99 S.Ct. 698, 700–01[4], 58 L.Ed.2d 717 (1979), *reh. den.,* 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979). The authority of the Supreme Court of Tennessee to promulgate a rule, such as Rule 9, *supra,* is no longer subject to question. *Ables v. Fones,* 587 F.2d 850, 851–52 (6th Cir.1978); *Petition of*

curred when the unknown defendants submitted to the Board a copy of an affidavit of Doug Thorensen, Esq. (the Thorensen-affidavit).[3] According to Mr. Windsor, this was done to retaliate against him for his bringing of a civil action seeking to redress the circumstances surrounding his discharge from public employment.

In such affidavit, Mr. Thorensen recollects what transpired during a proffer of proof by the witness Mr. Robert Wilkerson which took place in May, 1980 at the office of the United States attorney in Nashville, Tennessee.[4] Mr. Windsor claims that such affidavit represented falsely that during such proffer (or interview) Mr. Wilkerson

did not mention the name "John Seigenthaler," whereas in fact, Mr. Wilkerson had mentioned the name of Mr. Seigenthaler.[5]

██ The plaintiff contends the defendants' dissemination of the Thoresen-affidavit to the Board gave rise to six separate claims for relief. First, he asserts (counts 1 & 2) against the defendant agency[6] arising under the provisions of the Privacy Act, 5 U.S.C. § 552a.[7] Next, Mr. Windsor seeks relief (counts 3, 4 & 6) from the individual defendants[8] under the civil-rights conspiracy-statute, 42 U.S.C. § 1985(2), (3). And lastly, the plaintiff alleges a *Bivens*-type[9] claim against the individual defendants[10] which he claims

---

*Tennessee Bar Association,* 539 S.W.2d 805, 807[1] (Tenn.1976); *Barger v. Brock,* 535 S.W.2d 337, 340[1] (Tenn.1976).

**3.** The affidavit bore the caption and title of a prior civil action brought by Mr. Windsor, *Richard L. Windsor,* plaintiff, v. *The Tennessean, et Al.,* defendants, civil action no. 80–3770, this district and division, dismissal *aff'd.* 719 F.2d 155 (6th Cir.1983), motion *den.,* —— U.S. ——, 104 S.Ct. 546, 78 L.Ed.2d 721 (1983). Ostensibly, the affidavit was prepared for filing in that civil action, although apparently it was never filed.

**4.** According to the affidavit, five persons were present at such proffer of proof: Mr. Wilkerson, Mr. Thorensen, Mr. John Galese, Mr. Windsor, and an agent of the Federal Bureau of Investigation. Messrs. Thorensen and Galese were attorneys representing Mr. Wilkerson; Mr. Windsor was acting in his capacity as an assistant United States attorney.

**5.** Mr. Windsor appears to rely on the following two sentences contained in the 7½-page affidavit of Mr. Thorensen:

&ast; &ast; &ast; During the proffer of testimony, I do not recall Mr. John Seigenthaler's name being mentioned in any respect. Because of the subject matter being discussed at this proffer and because of Mr. Seigenthaler's position and prominence in the community, I feel confident that had his name been discussed, it would have made an impact upon me, and that I would remember. &ast; &ast; &ast;

**6.** The only proper defendant in an action brought under the Privacy Act is the federal agency involved, not individual government-officials. *Windsor v. The Tennesseean, supra,* 719 F.2d at 160[4].

**7.** "&ast; &ast; &ast; Whenever any agency &ast; &ast; &ast; fails to comply with any other provision of this section,

or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, &ast; &ast; &ast; the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection. &ast; &ast; &ast;" 5 U.S.C. § 552a(g)(1)(D).

**8.** The defendant-agency is not suable under 42 U.S.C. § 1985, *supra,* since the Congress has not explicitly authorized it to be so sued. *City of Whittier v. U.S. Dept. of Justice,* 598 F.2d 561, 562[1] (9th Cir.1979), citing *Blackmar v. Guerre,* 342 U.S. 512, 515, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952); *see* also *N.L.R.B. v. Nash-Finch Company,* 404 U.S. 138, 146, n. 4, 92 S.Ct. 373, 378, n. 4, 30 L.Ed.2d 328 (1971).

**9.** *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narc.,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**10.** A *Bivens*-type action is maintainable only against individual federal-officers; the doctrine of sovereign immunity precludes the bringing of such an action against the United States or its agencies. *Laswell v. Brown,* 683 F.2d 261, 268 (8th Cir.1982), *cert. den.,* 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983); *Garcia v. United States,* 666 F.2d 960, 966 (5th Cir.1982), *cert. den.,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982); *Contemporary Mission, Inc. v. U.S. Postal Service,* 648 F.2d 97, 104, n. 4 (2d Cir.1981); *see Bivens v. Unknown Named Agents of Fed. Bureau of Narc., supra,* 403 U.S. at 410, 91 S.Ct. at 2012 (Harlan, J., concurring) ("However desirable a direct remedy against the Government might be as a substitute for individual official liability, the sovereign still remains immune to suit.")

5 U.S.C. § 702, which operates as a waiver of sovereign-immunity in actions for nonmonetary relief brought under 28 U.S.C. § 1331, *Warin v.*

arises directly under the Constitution, Fifth Amendment. *See Davis v. Passman,* 442 U.S. 228, 243–244, 99 S.Ct. 2264, 2276[22], 60 L.Ed.2d 846 (1979) (recognizing a *Bivens* -type cause of action for violations of the Constitution, Fifth Amendment).

### I.

In count 1 of his complaint, Mr. Windsor claims that the dissemination of the false information contained in the Thoresen-affidavit to the Board violated the Privacy Act. *See* 5 U.S.C. § 552a(b).[11] The plaintiff alleges in count 2 that such affidavit was not maintained by the defendant-agency in accordance with the provisions of 28 C.F.R. § 16.56, thus violating 5 U.S.C. § 552a(g)(1).[12] The Department of Justice argues that the Thoresen-affidavit did not fall within the scope of the Privacy Act. This Court agrees:

The Privacy Act " * * * explicitly requires [federal] agencies to withhold records about an individual from most third parties unless the subject gives his permission. * * * " *Chrysler v. Brown,* 441 U.S. 281, 293, 99 S.Ct. 1705, 1713, n. 14, 60 L.Ed.2d 208 (1979). By its plain terms, however, the Act applies only to agency "records" which are contained in a "system of records", as those terms are defined in 5 U.S.C. § 552a(a)(4),[13] (5).[14] *See Shapiro v. Drug Enforcement Administration,* 721 F.2d 215, 217 (7th Cir.1983). The Act does

not prohibit the dissemination of information which is acquired from sources other than a "record" maintained in a "system of records." *Thomas v. United States Dept. of Energy,* 719 F.2d 342, 345 (10th Cir. 1983); *see Hanley v. United States Dept. of Justice,* 623 F.2d 1138, 1139[1] (6th Cir. 1980).

In order to have constituted a "record" subject to the nondisclosure provisions of the Privacy Act, the Thoresen-affidavit must have been "about", or it must have "pertained to", Mr. Windsor. *DePlanche v. Califano,* 549 F.Supp. 685, 696[12] (D.C. Mich.1982). That is to say, the information alleged to have been disclosed improperly must have " * * * reflect[ed] some quality or characteristic of the individual involved. * * * " *Boyd v. Secretary of the Navy,* 709 F.2d 684, 686 (11th Cir.1983), *cert. den. sub nom. Boyd v. Lehman,* —— U.S. ——, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984).

■ The pertinent legislative-history reflects that the Congress was " * * * preoccup[ied] with information that is substantively, i.e., in and of itself, reflective of some quality or characteristic of an individual. * * * " *American Federation of Gov't Emp. v. N.A.S.A.,* 482 F.Supp. 281, 283[1] (D.C.Tex.1980). In the opinion of the Court, the information which Mr. Windsor claims was disclosed wrongfully when the defendants submitted a copy of the Thoresen-affidavit to the Board did not con-

---

*Director, Dept. of Treasury,* 672 F.2d 590, 591 (6th Cir.1982), is inapplicable to *Bivens* -type actions in which, by definition, monetary relief is sought. " * * * Bivens established that the victims of a constitutional violation by a federal agent have a right to recover [damages] against the official in federal court despite the absence of any statute conferring such a right. * * * " *Carlson v. Green,* 446 U.S. 14, 18, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980).

**11.** " * * * No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be [to certain specified recipients] * * * ." 5 U.S.C. § 552a(b).

**12.** See n. 7, *supra.*

**13.** " * * * [T]he term 'record' means any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph * * * ." 5 U.S.C. § 552a(a)(4).

**14.** " * * * [T]he term 'system of records' means a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual * * * ." 5 U.S.C. § 552a(a)(5).

stitute a "record" within the meaning of 5 U.S.C. § 552a(a)(4), *supra,* and therefore, was not protected by such Privacy Act.

The only disclosed information of which Mr. Windsor complains is the representation by Mr. Thoresen that Mr. Seigenthaler's name was not mentioned at the Wilkerson-interview. That information is not, however, "about", nor does it "pertain to", Mr. Windsor; instead, such revelation of Mr. Thoresen is "about", and "pertains to", Mr. Thoresen's own recollection of what was not said at the interview.

The fact that Mr. Thoresen may not have recalled the mention of Mr. Seigenthaler's name hardly reflects some quality or characteristic of Mr. Windsor. Assuming, as Mr. Windsor alleges, that reference was in fact made to Mr. Seigenthaler during the interview, then Mr. Thoresen's averment that he did not recall the same reflects some quality or characteristic, not of Mr. Windsor, but of Mr. Thoresen—namely, that Mr. Thoresen has a bad memory or that he prevaricated.

The disclosed information of which Mr. Windsor complains simply is not the type which is afforded protection by the Privacy Act. The Congress did not intend the Act to apply to all information in the hands of government-officials; rather, it sought to avoid indiscriminate circulation of sensitive information about an individual's private affairs. *Houston v. United States Dept. of Treasury,* 494 F.Supp. 24, 27 (D.D.C. 1979).

The basic purpose of that Act was " * * * to protect an individual against an 'invasion of personal privacy' * * *." *Johnson v. Department of Treasury, I.R.S.,* 700 F.2d 971, 976[5] (5th Cir.1983)[15]; *see Wren v. Harris,* 675 F.2d 1144, 1145–46 (10th Cir.1982). Its legislative history makes it clear that the Act was intended to protect only personal information, and not information which reveals nothing about a person's private affairs.[16] *Houston v. United States Dept. of Treasury, supra,* 494 F.Supp. at 28–29.

The information with which the plaintiff is concerned is not "personal" and reflects nothing about Mr. Windsor's private affairs. Thus, as a matter of law, its dissemination did not constitute an invasion of the plaintiff's personal privacy, and consequently there was not a disclosure of a "record" within the meaning of the Privacy Act. The defendant-agency is therefore entitled to a summary judgment on the plaintiff's Privacy Act claims.[17]

## II.

*Inter alia,* the defendants contend (counts 3, 4, & 6) that the statute of limitations bars the claims of the plaintiff arising under 42 U.S.C. § 1985, *supra,* as well as his *Bivens*-claim (count 5). This Court agrees:

 Since the Congress has not provided a federal statute of limitations for actions brought under the provisions of 42 U.S.C. § 1985, *supra,* this Court must look to the analogous state statute of limitations and its coordinate tolling rules. *Board of Regents v. Tomanio,* 446 U.S.

---

**15.** " * * * The purpose of this Act is to provide certain safeguards for an individual against an invasion of personal privacy * * *." Preamble to Privacy Act, § 2(b) of Pub.L. 93–579, 5 U.S.C. § 552a note.

**16.** The Senate report defined the concept of "privacy" as follows:
" * * * 'Privacy', then, is a shorthand term for the restraint on the power of government to investigate individuals, to collect information about their personal lives and activities in society or in ways which are banned by the Constitution, or for reasons which have little or nothing to do with the purpose of government or of the agency involved, as their pow-

ers are defined by the Constitution and specific statutes. * * * "
S.Rep. No. 1183, 93rd Cong., 2d Sess. 17, *reprinted in* 1974 U.S.Code Cong. & Ad.News 6916, 6932.

**17.** In reaching such decision, the Court considered a matter appearing outside the pleadings—the Thoresen-affidavit—and, thus, treated the motion of the defendants in its latter alternative. *See* Rule 12(b), F.R.Civ.P. The Court did *not* consider the two affidavits submitted by the movants in support of their motion and expresses no opinion on whether the Thoresen-affidavit was contained in a "system of records."

478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980); *Carmicle v. Weddle,* 555 F.2d 554, 555[1] (6th Cir.1977). Here, the most analogous state statute of limitations is T.C.A. § 28–3–104(a),[18] which provides that civil actions for damages arising under the federal civil-rights statutes " * * * shall be commenced within one (1) year after [the] cause of action accrued." Thus, as to Mr. Windsor's claims which arise under 42 U.S.C. § 1985, *supra,* this 1-year period of limitation " * * * clearly and specifically has application. * * * " *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975); *Wright v. State of Tennessee,* 628 F.2d 949, 951[1] (6th Cir. 1980, en banc); *Brown v. Hipshire,* 553 S.W.2d 570, 571 (Tenn.1977).

■ Likewise, because there exists no federal statute of limitations for *Bivens*-type actions, this Court must apply the appropriate state statute of limitations. *Gaspard v. United States,* 713 F.2d 1097, 1102–03, n. 11[7], (5th Cir.1983); *McClam v. Barry,* 697 F.2d 366, 371 (D.C. Cir.1983); *Marshall v. Kleppe,* 637 F.2d 1217, 1222–23[7] (9th Cir.1980); *Leonhard v. United States,* 633 F.2d 599, 615 (2d Cir.1980), *cert. den.,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *Guy v. Swift and Company,* 612 F.2d 383, 385–386, n. 8, (8th Cir.1980); and *Beard v. Robinson,* 563 F.2d 331, 334 (7th Cir.1977), *cert. den.,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978); *cf. Harris v. City of Canton,* 725 F.2d 371, 374, n. 3, (6th Cir. 1984). Accordingly, each of Mr. Windsor's claims against the individual-defendants is governed by the 1-year period of limitation of T.C.A. § 28–3–104(a), *supra.*

The plaintiff alleges that the defendants committed their wrongful acts in November, 1981; however, this action was not commenced until June 28, 1983, well more than 1 year after the defendants are alleged to have disseminated wrongfully the

Thoresen-affidavit. In an obvious effort to avoid the bar of the statute of limitations, Mr. Windsor alleges (in his complaint) that

> * * * [t]he oppressive result of Defendants' conduct remained in effect upon the Plaintiff until November of 1982, when the alleged charge (see para. 9, above) was dismissed by the Board. Plaintiff brought this action within one year therefrom. * * *

He, thus, appears to contend his action was timely because (1) his cause of action accrued—not in November, 1981, when the defendants acted—but in November, 1982, when the effect of their conduct ceased to have an effect upon the plaintiff; or, (2) the running of the statute of limitations was tolled, or suspended, during the period that the conduct of the defendants remained in effect upon him.

The Court finds no support whatever for the proposition that Mr. Windsor's cause of action did not accrue until November, 1982, a year after the defendants are alleged to have disseminated wrongfully the false information. The plaintiff cited no authority supporting such a notion,[19] and the Court's independent research disclosed none.

■ Under the law of Tennessee, a cause of action accrues when the plaintiff suffers in actuality a legally-cognizable wrong and thus acquires a right to bring suit for redress. *Hodge v. Service Machine Company,* 438 F.2d 347, 349[2] (6th Cir.1971); *Vason v. Nickey,* 438 F.2d 242, 246[2] (6th Cir.1971); *Armistead v. Clarksville-Montgomery Co. Sch. Sys.,* 222 Tenn. 486, 437 S.W.2d 527, 528–29[6] (1969). Where, as here, it is alleged that the defendants disseminated wrongfully untruthful information about the plaintiff, the cause of action accrues, and the statute of limitations begins to run, at the time such dissemination takes place. *Riley v. Dunn & Bradstreet,* 172 F.2d 303, 308[10] (6th Cir.1949); *Heller v. Smither,* 437 F.Supp. 1, 4–5[5] (D.C.Tenn.1977), *aff'd.* 578 F.2d

---

**18.** Formerly T.C.A. § 28–304.

**19.** Mr. Windsor did not submit a response to the motion of the defendants. *See* Local Rule

8(b)(3) ("Failure to file a response shall indicate that there is no opposition to the motion.")

1380 (6th Cir.1978, table); *Applewhite v. Memphis State University*, 495 S.W.2d 190, 195[6] (Tenn.1973).

The Supreme Court has held (in an action brought under 42 U.S.C. § 1983, *supra*), that the applicable state statute of limitations begins to run at the time of the alleged wrongful conduct, not at the point when the consequences of such conduct became painful. *Chardon v. Fernandez*, 454 U.S. 6, 7, 102 S.Ct. 28, 29, 71 L.Ed.2d 322 (1981, *per curiam*). That being so, then it can hardly be said that the statute of limitations does not begin to run until the result of the wrongful conduct ceases to have an effect upon the plaintiff.

■■■ Neither is this Court persuaded that the running of the statute of limitations was tolled, or suspended, during the period when the result of the defendants' conduct remained in effect upon Mr. Windsor. " * * * [T]his notion of tolling is a very limited one. Generally, but for outside influences which may sometimes toll the running of the limitations period (e.g. insanity, minority, etc.) the statute of limitations is not otherwise 'interrupted.' * * *" *Harris v. City of Canton, supra*, 725 F.2d at 376.

Mr. Windsor does not plead fraudulent concealment by the defendants of his cause of action, *cf. Campbell v. Upjohn*, 676 F.2d 1122, 1126–27 (6th Cir.1982); nor is this a situation where the plaintiff claims he did not discover, or could not have discovered, the existence of his cause of action in a timely fashion, *cf. Harvey v. Martin*, 714 F.2d 650, 652–653[3] (6th ·Cir.1983). The circumstances under which T.C.A. § 28–3–104(a) will be tolled are narrowly circumscribed, *see Williams v. Hollins*, 428 F.2d 1221 (6th Cir.1970); T.C.A. §§ 28–1–106, 109, 110, 111 & 114; Tennessee does not appear to have adopted the view that such statute of limitations will be tolled for so long as the result of a defendant's wrong-

ful conduct remains in effect upon the plaintiff.[20]

■■■ Mr. Windsor, who sought to rely on a rule in avoidance of the statute of limitations, had the burden of establishing such exception; all presumptions were against him since his claim was against the current of the law and founded on exceptions. *Akron Presform Mold Company v. McNeil Corporation*, 496 F.2d 230, 233[4] (6th Cir.1974), *cert. den.*, 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270 (1974); *see Richards v. Maryland Ins. Co.*, 12 U.S. (8 Cranch) 84, 92, 3 L.Ed. 496, 498 (1814) (Exceptions to the operation of a statute of limitations are not favored.). The plaintiff did not meet that burden.

It appearing from the face of the complaint that the plaintiff's claims against the individual defendants are barred by the applicable statute of limitations, the complaint fails to state a claim against those defendants upon which relief can be granted. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702[9, 10] (6th Cir.1978). Accordingly, the individual-defendants are entitled to a dismissal of the plaintiff's claims against them.

It results:

—that the motion of the plaintiff for a partial summary judgment hereby is

 DENIED;

—that the motion of the defendants for a summary judgment hereby is

 GRANTED as to counts 1 and 2 of the complaint; and,

—that the motion of the defendants for a dismissal for the failure of the plaintiff to state a claim upon which relief can be granted hereby is

 GRANTED as to counts 3, 4, 5 & 6 of the complaint herein.

---

**20.** Such a rule would abrogate effectively the statute of limitations in instances of permanent personal injury; for, the defendant's conduct would remain in effect upon the plaintiff permanently. If that is to be done, it is a matter for the Legislature and not the judiciary. *See Kavanagh v. Noble*, 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150 (1947); *McIver v. Ragan*, 15 U.S. (2 Wheat.) 25, 4 L.Ed. 175, 177; *Peak v. Buck*, 62 Tenn. (3 Baxt.) 71, 73.

Judgment will enter that the plaintiff take nothing from the defendants herein.[21]

## ON MOTION TO ALTER OR AMEND JUDGMENT

The plaintiff moved the Court timely to alter or amend its judgment herein of February 3, 1984 by vacating it.* Rule 59(e), F.R.Civ.P. In support of such motion, it is urged that the Court erred in concluding that the defendants were entitled to such judgment.

■ Rule 59(e), *supra*, was added to the Federal Rules of Civil Procedure in 1949 for the sole purpose of making clear that a District Court possesses the power to rectify its own mistakes. *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 1165–66, 71 L.Ed.2d 325 (1982). Such a motion is not intended to relitigate matters already decided by the Court but, rather, is designed to correct manifest errors of fact or law which led to the entry of judgment. *Milwee v. Peachtree Cypress Inv. Co.*, 510 F.Supp. 284, 289–90[5] (D.C.Tenn.1978), *aff'd* (table) 644 F.2d 885 (6th Cir.1981), cited in *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982).

The Court deliberated carefully before concluding that the defendants were entitled to a judgment, and the reasons therefor were delineated in a 20-page memorandum opinion. This Court is not convinced its ruling was erroneous but, if it is wrong, there are appellate judges whose function is to rectify errors made by trial judges. " * * * Remedies for judicial error may be cumbersome but the injury flowing from an error generally is not irreparable * *." *Maness v. Meyers*, 419 U.S. 449, 460, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975).

The motion of the plaintiff hereby is OVERRULED.

## ON MOTION TO PERPETUATE TESTIMONY

The plaintiff moved the Court for an order allowing the perpetuation of the testimony of assistant United States attorney Doug Thoresen pending an appeal herein. Rule 27(b), F.R.Civ.P.* The motion lacks merit.

Rule 27(b), *supra*, " * * * is available in special circumstances to preserve testimony which could otherwise be lost. * * * " *Ash v. Cort*, 512 F.2d 909, 912[2] (3d Cir. 1975). It is applicable

" * * * to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately.... Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at such subsequent time * * * ,"

---

**21.** The motion of the plaintiff, for an order disqualifying the Department of Justice from representing the defendants (including itself) herein, hereby is DENIED: the Congress has provided that " * * * the conduct of litigation in which the United States, or agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516.

* " * * * Rule 59(e) may be utilized in timely attempts to vacate [a] judgment. * * * " *Huff v. Metropolitan Life Ins. Co., infra,* 675 F.2d at 122.

* " * * * If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time therefor has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate their testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show (1) the names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each; (2) the reasons for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken and may make orders of the character provided for by Rules 34 and 35, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the district court." Rule 27(b), *supra*.

*Ib.*, 512 F.2d at 911, quoting from *Petition of Ferkauf*, 3 F.R.D. 89, 91, (D.C.N.Y. 1943); the rule, however, " * * * applies only in that special category of cases where it is necessary to prevent testimony from being lost." *Id.*

The plaintiff neither claims nor suggests that the taking of the testimony of Mr. Thoresen is necessary to prevent its being lost. *Cf. ib.*, 512 F.2d at 913 n. 16 ("Rule 27(b) would seem to require some verification for a claim that testimony would be lost if unrecorded"). There is no reason to believe that, if the plaintiff does appeal, and if he prevails on such appeal, the testimony of Mr. Thorensen would not be available for use in any further proceedings in this Court.

Accordingly, the motion hereby is DENIED.