853 F.2d 926
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BEALE, Plaintiff-Appellant,
v.
UNITED STATES of America, John P. Hehman, Clerk, Office of
the Clerk of the United States Court of Appeals for 6th
Circuit; Supreme Court of the United States; Federal
Judicial Center; and Administrative Office of United States
Courts, Defendants-Appellees.
 No. 88-3101.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1988.
 
 1
 Before DONALD RUSSELL, H. EMORY WIDENER and SAM J. ERVIN, III, Circuit Judges[1].
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals the district court's dismissal on summary judgment of his Bivens action, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The appeal has been referred to a panel, specially designated by the Chief Justice, for disposition pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel finds oral argument not needed, Fed.R.App.P. 34(a), and after fully reviewing the record herein, we affirm the dismissal of the action by the district court.
 
 
 3
 Plaintiff, by his complaint, seeks to state an action for damages, actual and punitive, for alleged negligence in the processing of certain orders and motions and in fraudulently "fabricating" orders of court in certain appellate proceedings filed by him in this Court. While he has alleged a number of grounds for jurisdiction, his action qualifies, if at all, as a Bivens -type[2] suit for alleged violations of constitutional due process rights. The defendants were the United States, the Supreme Court of the United States, two federal judicial agencies, this Court, the Office of its Clerk, and John P. Hehman, Clerk. After some sparring between the parties, the matter came before the district court on motion of the plaintiff for summary judgment and the contra motion of the defendants to dismiss, or, in the alternative, for summary judgment. The motions were apparently heard on the complaint and memoranda filed by the parties. After hearing, the district court denied plaintiff's motion and granted defendants' motion for summary judgment. The plaintiff has appealed that judgment.
 
 
 4
 In his decision, the district judge carefully analyzed the allegations of the complaint and found that "[n]owhere in plaintiff's complaint is there any assertion of any improper action by any Court or Officer thereof, other than the United States Court of Appeals for the Sixth Circuit." He further held that the United States is entitled to sovereign immunity unless immunity has been explicitly waived by Congress. Selden Apartments v. U.S. Dept. of Housing & Urban, 785 F.2d 152, 156 (6th Cir.1986). He declared that a basis for a waiver of such immunity in this case could only be under section 1346 (the Federal Tort Claims Act, 28 U.S.C.) and dismissed such possibility by finding that
 
 
 5
 An examination of plaintiff's amended complaint discloses no act by any defendant which even arguably fits into the Federal Tort Claim Act nor constitutes a "unequivocal waiver of sovereign immunity."
 
 
 6
 That finding disposed of plaintiff's action against the United States.
 
 
 7
 Suit is similarly not maintainable against the defendants federal agencies. Not only are such agencies protected by sovereign immunity like the United States itself but, in addition, such agencies, none of which has been constituted by Congress, "a body corporate or authorized it to be sued ex monine ", are not "suable entities." Blackmar v. Guerre, 342 U.S. 512, 514 (1952); Gilbert v. DaGrossa, 756 F.2d 1455, 1460, n. 6 (9th Cir.1985); Windsor v. A Federal Executive Agency, 614 F.Supp. 1255, 1259, n. 8 (M.D.Tenn.1983). Dismissal of the action against such defendants by the district court, therefore, was required and the district court properly dismissed the action against them.
 
 
 8
 The remaining defendant is John P. Hehman, Clerk. The complaint is ambiguous on whether the plaintiff ever intended to seek any recovery against this named defendant. Thus, in paragraph 24, the plaintiff alleges
 
 
 9
 Mr. John P. Hehman ("Hehman") is Clerk of the Court for the Federal Court of Appeals for the Sixth Circuit. Because of the inadequate management practices forced upon him by the negligent responsibility to duty of the Administrative Office of United States Courts and the Federal Judicial Center, Hehman probably cannot be held properly or totally responsible to the problems enumerated here above. Therefore he is named in this action primarily only to fulfill form.
 
 
 10
 Later, in alleging his damages, the plaintiff said
 
 
 11
 The above demands [for damages] are made jointly and severally against all defendants except Hehman from whom Beale demands the sum of $1.00 since Hehman is allegedly victim of an inadequate management and procedure system forced upon him by his superiors, unless the Court determines this should be otherwise.
 
 
 12
 If these concessions by the plaintiff should be found to be insufficient as a waiver by the plaintiff of any claim against Hehman personally, the allegations of the complaint in any event fully demonstrate the absence of any liability by Hehman to plaintiff in this action.
 
 
 13
 The complaint contains no allegation of any wrongful act on the part of Hehman individually. Absent an allegation of a personal participation in a violation of a constitutional right by Hehman, the complaint on its face establishes the want of liability of Hehman herein. This is so, because an action, such as a Bivens -type claim as here, is subject to the same limits of liability as a section 1983 action. Judge Friendly in Ellis v. Blum, 643 F.2d 68, 84 (2d Cir.1981), after reviewing the authorities concluded that "[t]he general trend in the [federal] appellate courts is to incorporate section 1983 law into Bivens suits." Obedient to this trend, vicarious liability under the doctrine of respondeat superior "does not apply in section 1983 and consequently in Bivens -type actions." Ibid, at 85. Even if there were some negligence or wrongdoing by a subordinate employee in the Clerk's Office, Hehman accordingly would not be liable because of the absence of any personal participation by him. Triplett v. Azordegan, 570 F.2d 819, 822-23 (8th Cir.1978); Vinnedge v. Gibbs, 550 F.2d 926, 928-29 (4th Cir.1977). It follows that here no cause of action has been actually stated against Hehman.
 
 
 14
 The record does indicate that the signature of Hehman appears after the words "Entered by Order of the Court" on the court orders which the plaintiff alleges were "fabricated." The plaintiff does not state that Hehman signed the order; in fact, he avers that someone in the office of the Clerk did the act. A charge of fabrication, however, is a charge of fraud and any claim of fraud must be "stated with particularity" in the complainant's pleading. Rule 9(b), Fed.R.Civ.P. The only allegations in the complaint that can be said to offer a warrant for the fraudulent charge against either Hehman or the office of the Clerk is plaintiff's allegation that the orders complained of denied "pertinent Federal law and two timely precedents of the United States Supreme Court. It must be held that no Judge of a U.S. Court of Appeals would wilfully and knowingly be party to such an Order. Therefore the order must be false." In essence, the plaintiff alleges that the order of the Court was erroneous and, since members of the Circuit never "nod," they could never write an opinion that is erroneous and any opinion of the Court which is erroneous is a fraudulent fabrication. Neither of those assumptions is sound. Beyond that warrant for his charge of "fabrication" by the plaintiff on such untenable grounds is at best a conclusory allegation which cannot satisfy the "particularity" requirement of Rule 9(b). Moreover, on its face both court orders appear true orders of the Court and are entitled to a presumption of regularity which may only be rebutted by allegations of fact that put the presumption of their regularity in question. There are no such facts pled in this case. If the order is an order attested or signed by the Clerk pursuant to an order of the Court itself as declared on the face of the order, the clerk here, unlike other situations where he is entitled only to qualified immunity, is protected from liability for his acts under what is sometimes called absolutely "quasi-judicial" immunity since he acted under the order of the court and this is true even if his action is in "bad faith or with malice." Williams v. Wood, 612 F.2d 982, 985 (5th Cir.1980); see to the same effect, Sharma v. Stevas, 790 F.2d 1486 (9th Cir.1986); Robichaud v. Ronan, 351 F.2d 533, 536 (9th Cir.1965); Yaselli v. Goff, 12 F.2d 396, 404 (2d Cir.1926), 56 A.L.R. 1239, aff'd. per curiam, 275 U.S. 503. Thus, were Hehman not entitled to dismissal for failure to identify participation in any specific act of wrongdoing, he would still be entitled to immunity from liability under this principle.
 
 
 15
 It follows that, however the record may be considered, Hehman's freedom from liability in this Bivens -type action is apparent on the face of the complaint. With Hehman free from liability, the plaintiff has clearly failed to state an action against any party suable as such in this action. Under those circumstances, the decision of the district court dismissing the action and granting summary judgment in favor of the defendants is affirmed.
 
 
 16
 Accordingly, the judgment is hereby affirmed for the reasons stated herein and for those stated by the district court.
 
 
 17
 The Clerk of this Court is hereby directed to enter an order of judgment in accordance with the opinion herein.
 
 JUDGMENT
 
 18
 ON APPEAL from the United States District Court for the Southern District of Ohio.
 
 
 19
 THIS CAUSE came on to be heard on the record from the said district court and was submitted on briefs without oral argument.
 
 
 20
 ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this court that the judgment of the said district court in this case be and the same is hereby affirmed.
 
 
 21
 No costs taxed.
 
 
 
 [1]
 Honorable Donald S. Russell, Honorable H. Emory Widener, and Honorable Sam J. Ervin, Judges for the United States Court of Appeals for the Fourth Circuit. This panel of Judges is sitting pursuant to the designation of the Chief Justice. 28 U.S.C. Sec. 291(a)
 
 
 [2]
 Bivens established a federal common law right of action for certain violations of the Constitution