**Bonnie BROWN, Plaintiff,**

v.

**SOUTHERN FARM BUREAU CASUAL-TY INSURANCE COMPANY, Defendant.**

**Civ. A. No. AC–1384.**

United States District Court
E. D. South Carolina,
Columbia Division.

Dec. 9, 1964.

Kale R. Alexander, David A. Fedor, Columbia, S. C., for plaintiff.

Roberts, Jennings & Thomas, Columbia, S. C., for defendant.

SIMONS, District Judge.

This action was commenced in the Court of Common Pleas for Lexington County, South Carolina, by service of a Summons and Complaint dated January 14, 1964, and was duly removed to this Court on the ground of diversity of citizenship. The action is for an alleged slanderous statement made of the plaintiff by an agent of the defendant; the Answer denies the allegation.

The case was set for trial for the term of Court commencing November 30, 1964, at a roster meeting held on November 20, 1964. At the sounding of the roster at the beginning of Court on November 30, this case was set for a time certain as the first case on Friday, December 4, in view of the fact that it was necessary for the defendant to bring a witness from the State of Mississippi.

When the case was called at 10:00 A.M. on December 4, 1964, plaintiff's counsel stated that plaintiff was not present in the courtroom, and requested an indulgence of a few minutes. The plaintiff had still not made an appearance by 10:45, at which time one of the counsel for the plaintiff made a final effort to reach her by telephone, but reported that no one answered the phone, though counsel had talked with the plaintiff at that number earlier in the morning prior to

the time set for trial and had talked with the plaintiff's sister at that number at approximately 10:15, the sister stating that plaintiff had left the house and she did not know where she had gone. Plaintiff's counsel stated that they had tried to reach the plaintiff on Monday, November 30, to inform her that the case had been set definitely for Friday, December 4, but were unable to reach her at the telephone number which they had. They thereupon wrote her a letter. It was not until the day before the date set for trial that plaintiff's counsel were able to locate her and talk with her in West Columbia, at which time they did inform her that the case had been set for trial and directed her to be in Court for trial the next morning. As has been said, counsel also talked with plaintiff again prior to the time set for trial on December 4.

The defendant had in Court a witness flown from the State of Mississippi for the purpose of testifying, and one or more local witnesses. Defendant's counsel moved for an Order of Dismissal with Prejudice, for lack of prosecution. Counsel for plaintiff suggested that any Order of Dismissal issued by the Court should be coupled with permission for the action to be brought again if the plaintiff desired, upon payment of the defendant's costs and expenses in preparing for trial on December 4. Defendant's counsel urged that the Dismissal be with prejudice in view of the fact that witnesses who might substantiate defendant's position might not be available at some future date.

Had plaintiff's attorneys not been able to reach the plaintiff and inform her of the time set for trial, this Court would have granted an Order of Dismissal but on the terms suggested by her attorneys. However, plaintiff was notified of the trial and was not there, and the Court can draw no conclusion from her actions but that she has no interest in the further prosecution of the case, and I cannot therefore do other than grant an Order of Dismissal with Prejudice.

It is therefore ordered, adjudged and decreed that the Complaint herein be, and the same is hereby, dismissed with prejudice, and the within matter forever ended.

It is so ordered.