Edmond **DABNEY**

v.

Robert L. **BURRELL** et al.

Civ. No 71–968–Y.

United States District Court,
D. Maryland.

May 12, 1975.

Charles P. Goodell, Jr., Baltimore, Md., for plaintiff.

Donald R. Stutman, Asst. Atty. Gen., Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Trial of this civil rights complaint was scheduled for March 12, 1975 at 11:00 a. m. On that date the appointed hour came and went without an appearance by the plaintiff, and the Court was advised by the United States Marshal that the plaintiff "passed out" while awaiting transportation to Court. Subsequently, the defendants filed a motion pursuant to Fed.R.Civ.P. 41(b) urging this Court to dismiss the plaintiff's action for "failure to prosecute." In support of their motion, the defendants filed an affidavit and accompanying documents. According to those materials, the plaintiff failed to appear because on the day of trial he overindulged in liquor and drugs, incapacitating himself. Dabney himself admits, in a letter to the Court dated May 6, 1975, that: "I did have something to drink." He also admits that he "passed out" on the day of trial. He denies, however, "being drunk," although the blood alcohol content, as determined by laboratory analysis, was 2.32% ethyl alcohol, well above the limits for a sober person.

The Court has nothing before it that would lead it to question the accuracy or authenticity of the medical reports accompanying the defendants' affidavit.

Nor is there anything in the record which effectively counters the clear inference that the plaintiff, knowing that his case was scheduled for trial, recklessly, and of his own volition, consumed sufficient intoxicants so as to render his appearance at trial impossible. The question presented by defendants' motion, then, is whether the plaintiff's conduct was of such gravity that imposition of the severe penalties set forth in Rule 41(b) is justified.

■ The defendants characterize their motion as one for "failure to prosecute." Failure to prosecute goes to the plaintiff's dilatoriness. There have been delays to be sure in this case, but the delays prior to March 12 were delays one might expect in a congested court with busy lawyers attempting to conscientiously prepare their case. Delay per se would not give substance to the defendants' motion. But the sanction of dismissal which Rule 41(b) codifies is not limited to pleas of dilatoriness. The Rule warns plaintiffs that their actions can and will be dismissed "For failure . . . to prosecute *or to comply with these rules or any order of court . . . .*" (Emphasis added). The Rule merely codifies the inherent power of federal courts to protect their procedures and power from abuse. *See* Link v. Wabash Railroad Co., 370 U.S. 626, 630–32, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2370, at 202 n. 92 and accompanying text (1971). The federal courts have frequently found that failure by a plaintiff to appear on the date set for trial is sufficient cause for dismissal under the Rule. *See, e. g.,* Grunewald v. Missouri Pacific Railroad Co., 331 F.2d 983, 975 (8th Cir. 1964); Levine v. Colgate-Palmolive Co., 283 F.2d 532 (2d Cir. 1960), cert. denied, 365 U.S. 821, 81 S.Ct. 705, 5 L.Ed.2d 699 (1961); Brown v. Southern Farm Bureau Casualty Insurance Co., 36 F.R.D. 274 (E.D.S.C. 1964); Annot., 20 A.L.R.Fed. 488, 542–50 (1974).

■ Dismissal with prejudice is a drastic sanction. It is reserved for extreme situations where there is compelling evidence of willful default. *See* 9 C. Wright & A. Miller, *supra* § 2369. Were this an instance where contumacious conduct on the part of plaintiff's counsel was the problem, this Court would be particularly reluctant to close the courthouse door on the plaintiff's complaint. But that is emphatically not the case here. Plaintiff's counsel, appointed by the Court and acting *pro bono,* has served the plaintiff in a manner which is in keeping with the highest standards of the Bar. The courts must, and do, stand ready to hear complaints filed properly within the court's jurisdiction. But this readiness must not be interpreted as a willingness to indulge those who seek its protection. This Court was prepared to allow the plaintiff the full measure of his rights. Despite the efforts of the Court, his own counsel, and the burdens he must have known he was imposing on the State, the plaintiff chose, on the day of trial, to lose himself in a drunken stupor. In doing so, he flagrantly and inexcusably abused the process and powers of the Court. He has therefore fully earned dismissal of his complaint with prejudice in keeping with the provisions of Rule 41(b).

For the reasons stated, it is this 12th day of May, 1975, by the United States District Court for the District of Maryland, Ordered:

That the plaintiff's complaint be, and the same is, hereby dismissed with prejudice.