**Lois J. HARRELL, Plaintiff,**

**v.**

**DIRECTORS OF BUREAU OF NARCOTICS AND DANGEROUS DRUGS, etc., et al., Defendants.**

**No. CIV-2-75-94.**

United States District Court,
E. D. Tennessee,
Northeastern Division

Aug. 4, 1975.

Memorandum and Order Dismissing Complaint Aug. 20, 1975.

## MEMORANDUM AND ORDER

NEESE, District Judge.

This is a *pro se* action in which the plaintiff Mrs. Lois J. Harrell appears to seek injunctive relief from direct and conspiratorial conduct allegedly violating her federally-protected civil rights on the part of a multitude of federal and state law enforcement agencies, and the directors and agents thereof. Before a responsive pleading was served, the plaintiff amended her pleading as a matter of course, Rule 15(a), Federal Rules of Civil Procedure, so as to add as defendants "* * * Gerald Ford, President of the U. S., and all branches of law enforcement under his jurisdiction and co-conspirators [sic] * * *", together with amendments by interlineation upon a copy of another document.

The original complaint of 24 typewritten pages and amendments thereto of six typewritten pages and a handwritten motion for a temporary restraining order[1] describe in painful evidentiary detail Mrs. Harrell's complaint. *Inter alia*, she set forth a request that any and all residents or citizens of the United States or its possessions be rendered available by this Court to her as witnesses "* * * and to answer as to his or her guilt or innocence[2] in denying to or in being a party to denyiny [sic] to plaintiff her rights * * *, by either direct or indirect means, as a result of illegal drug addiction, traffic in illegal drugs and/or if they have any knowledge thereof, or if he/she has failed in his responsibility to uphold her lawful rights. * * *"

■ The complaint of the plaintiff fails blatantly to comply with the rules of pleading in this Court. It is provided specifically, *inter alia*, in this connection:

 * * * A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * *, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he [or she] deems himself [or herself] entitled. * * *

Rule 8(a), Federal Rules of Civil Procedure.

■ The objective of Rule 8, *supra*, was to make complaints simpler, rather than more expansive. *Conley v. Gibson* (1957), 355 U.S. 41, 47, 78 S.Ct. 99, 103[10], 2 L.Ed.2d 80, 85, cited in *Oneida Indian Nation of N. Y. State v. County of Oneida, N. Y.*, C.A.2d (1972), 464 F.2d 916, 920, n. 6[6], certiorari granted (1973), 412 U.S. 927, 93 S.Ct. 2748, 37 L.Ed.2d 153, reversed on other grounds (1974), 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73; *cf. Altoona Clay Products, Inc. v. Dun & Bradstreet, Inc.*, C.A.3d (1966), 367 F.2d 625, 629[5], on remand (D.C.1968), 286 F.Supp. 899, vacated *sub nom., Grove v. Dun & Bradstreet, Inc.*, 308 F.Supp. 1068, reversed (1971), 438 F.2d 433, certiorari denied (1971), 404

---

1. The presiding judge of this division of this Court is now engaged in conducting court sessions in the Winchester Division of this Court and will be so engaged through August 15, next.

2. The Court expresses no opinion at this time as to whether such persons so identified are to be considered herein as parties defendant.

U.S. 898, 92 S.Ct. 204, 30 L.Ed.2d 175. Thus, "* * * the only permissible pleading [in a federal district court] is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds. Rule 8(a)(2). *Clyde v. Broderick*, 10 Cir., 144 F.2d 348; *Willoughby v. Sinclair Oil and Gas Company*, 10 Cir., 188 F.2d 902. * * *" *Blazer v. Black*, C.A.10th (1952), 196 F.2d 139, 144[6]. This is to avoid situations, such as is presented here, wherein the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits.

■ Of course, this Court is more liberal in its view of the pleadings and procedures when a litigant undertakes to present a claim or defense personally. Mrs. Harrell asserted in her motion for a temporary restraining order that she has been unable to "* * * secure a reliable attorney. * * *" The Court does not take the action it does herein solely because of the length of Mrs. Harrell's pleading but more because she has so interlaced therein matters, which are more properly evidentiary in nature, that the Court is unable to ascertain to the proper degree whether she has properly invoked the Court's jurisdiction; the actual claim she is making for relief; and the nature of the relief which she deems herself entitled.

It hereby is

ORDERED, therefore, that no more than 30 days herefrom, the plaintiff Mrs. Lois J. Harrell further amend her complaint herein, so as to comply substantially with Rule 8(a), Federal Rules of Civil Procedure, which is quoted hereinabove to the extent that it appears applicable to her complaint herein.

All other matters hereby are RESERVED for future consideration.

### MEMORANDUM AND ORDER DISMISSING COMPLAINT

Pursuant to this Court's memorandum and order of August 4, 1975 herein, the plaintiff Mrs. Harrell interposed a document headed: "AMENDMENT IV TO INJUNCTION (MANDAMUS HABEAS CORPUS)". This document consists of nine partly typewritten (and interlined) and partly handwritten pages and compounds, rather than resolves, the difficulties the Court experienced in undertaking to discern the claim of the plaintiff for relief. See the aforementioned memorandum and order, *supra.*

■ A great deal of the plaintiff's amendment devotes itself to a discussion of whether Mrs. Harrell has been divorced lawfully. *Inter alia*, she demands "* * * that she be declared a free, single, unmarried woman with all the lawful rights of an unmarried woman. * * *" *

■ This Court attempted to construe the complaint, originally and as amended, "* * * with the particular liberality required where the pleader is a layman * * *", *Willis v. Reddin*, C.A. 9th (1969), 418 F.2d 702, 703[1]; see also *DeWitt v. Pail*, C.A. 9th (1966), 366 F.2d 682, and is unable to ascertain to the proper degree the identity of the parties the plaintiff seeks to make defendants herein; whether she has invoked properly the jurisdiction of this Court; the actual claim she is making for relief; and the nature of the relief to which the plaintiff deems herself entitled. The Court is mindful that civil actions should not be dismissed for failure to comply with Rule 8(a), Federal Rules of Civil Procedure, *Dioguardi v. Durning*, C.A.2d (1944), 139 F.2d 774. However, with the record herein in its present posture; confronted with the rather obvious situation that Mrs. Harrell is unlikely to be able to plead successfully enough to lend sense to any subsequent proceedings

---

* The Constitution of the United States confers no power whatever on the national government to regulate matters involving marriage in the states. *Andrews v. Andrews* (1903), 188 U.S. 14, 32–33, 23 S.Ct. 237, 240–241, 47 L.Ed. 366, 369–370.

herein; and there being no party defendant before the Court to enter such a defensive motion, the Court *sua sponte* hereby

DISMISSES the complaint of the plaintiff Mrs. Lois J. Harrell for her failure to state a claim on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.