Aaron HOLSEY, # 121937

v.

George H. COLLINS, Individually, and as Warden of The Maryland Penitentiary; Lee, Individually, and as a Correctional Officer at the Md. Pen.; Millander, Individually, and as a Correctional Officer at the Md. Pen.; Hollis S. Thompson, Individually, and as a Correctional Officer at the Maryland Penitentiary.

Civ. No. W–78–861.

United States District Court,
D. Maryland.

July 2, 1981.

Aaron Holsey, pro se.

Stephen H. Sachs, Atty. Gen., Paul T. Cuzmanes, Asst. Atty. Gen., Baltimore, Md., for defendants.

## MEMORANDUM OPINION

WATKINS, Senior District Judge.

On April 27, 1981, this Court allowed plaintiff twenty days within which to file a motion seeking leave to amend and a proposed amended complaint which contained a short and plain statement of his claim. 90 F.R.D. 122 (D.Md.1981). On May 5, 1981, plaintiff filed the following request for an extension of time:

> But Plaintiff presently has several appeal briefs and documents he is preparing [and has to prepare] for submission to the Fourth Circuit.
>
> Also, in the next few weeks, Plaintiff has an upcoming Inmate Grievance hearing, and three trials. All of which he has to prepare for: as well as preparing a brief for a prisoner whom he is representing in the State's appellate court. And he also has to appear in court during June 1981— to represent a fellow prisoner. As well as do other legal work associated with pending court litigation.
>
> Wherefore, plaintiff move's the Court for an extension of time too, and including June 26, 1981 within which to submit amended complaint in the instant case.

Paper No. 63 (punctuation omitted and capitalization altered). Plaintiff's request for an extension of time was granted; however, as of July 2, 1981, plaintiff had not filed a motion seeking leave to amend and a proposed amended complaint. Therefore, in accordance with the prior Memorandum Opinion and Order of this Court, the complaint and claim will be dismissed by separate Order. See e. g. Inmates v. Owens, 561 F.2d 560, 562–53 (4 Cir. 1977); Dewitt v. Pail, 366 F.2d 682, 685 n.1 (9 Cir. 1966); Agnew v. Moody, 330 F.2d 868, 870–71 (9 Cir.), cert. denied, 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed.2d 70 (1964); Maddox v. Shroyer, 302 F.2d 903 (D.C.Cir.), cert. denied, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64 (1962); Dutkiewicz v. Foster, 88 F.R.D. 85, 96 (D.Mass.1980); Weinfeld v. Buccaneer Broadcasting, Ltd., 86 F.R.D. 546, 547 (D.Mass.1980); United States ex rel Dattola v. National Treasury Employees Union, 86 F.R.D. 496 (W.D.Pa.1980); Harrell v. Directors of Bureau of Narcotics and Dangerous Drugs, 70 F.R.D. 444 (E.D.Tenn.1975); Martin v. Hunt, 29 F.R.D. 14 (D.Mass. 1961).[1]

---

1. In Cassidy v. Crenshaw, No. 81–6177 (4 Cir. April 7, 1981) (per curiam), the Fourth Circuit wrote:

   Rexford Cassidy, a Virginia prisoner, submitted a complaint under 42 U.S.C. § 1983. The district court granted Cassidy twenty

days to file an amended complaint and warned him that "[f]ailure to so amend will result in dismissal of this complaint." When Cassidy failed to respond, the district court did not abuse its discretion by entering an order of dismissal. *See* 4th Cir.R. 18(d)(ii).