**Aaron HOLSEY**

v.

**George H. COLLINS, Individually and as Warden of the Maryland Penitentiary located at Baltimore, Maryland, Lee, Individually, and as Correctional Officer at the Md. Pen at Balto., Md., Millander, Individually, and as a Correctional Officer at the Maryland Penitentiary, located at Baltimore, Maryland.**

**Civ. No. W–78–861.**

United States District Court,
D. Maryland.

March 17, 1983.

See also 90 F.R.D. 122.

Aaron Holsey, pro se.

Stephen H. Sachs, Atty. Gen., Paul T. Cuzmanes, Asst. Atty. Gen., Baltimore, Md., for defendant.

## MEMORANDUM OPINION

WATKINS, Senior District Judge.

In *Holsey v. Collins,* 90 F.R.D. 122 (D.Md. 1981), this Court ruled that *pro se* plaintiff Aaron Holsey's noncompliance with the Federal Rules of Civil Procedure, Rules of the United States District Court for the District of Maryland, and numerous court orders justified the dismissal of his complaint, but that it would grant Holsey additional time to motion for leave to amend and submit a proposed amended complaint in order to rectify these defects. Holsey failed to file such a motion within the time allotted and the Court subsequently dismissed the case. *Holsey v. Collins,* 90 F.R.D. 646 (D.Md.1981). The Fourth Circuit has now remanded the case for a determination as to whether the dismissal was with or without prejudice. *Holsey v. Collins,* 701 F.2d 165 (4 Cir.1983).

In *Davis v. Williams,* the Fourth Circuit stated that "dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" 588 F.2d 69, 70 (4 Cir.1978) (*quoting Reizakis v. Loy,* 490 F.2d 1132, 1135 (4 Cir.1974)). Furthermore, the Court is mindful of the general principle that "trial courts [must] be particularly circumspect in applying this drastic sanction" when, as here, the action is main-

tained by a *pro se* litigant. *Holsey v. Collins,* supra, slip op. at 2.

A review of the record discloses that the claims contained in Holsey's § 1983 complaint relate to incidents that occurred more than three years prior to July 2, 1981, the date upon which the Court dismissed the instant case. As this Court stated in *Holsey v. Bass:*

> Because there is no express period of limitations in the Civil Rights Act, federal courts apply the appropriate state statute of limitations to a § 1983 claim. *Cramer v. Crutchfield,* 648 F.2d 943 (4 Cir.1981); *Cox v. Stanton,* 529 F.2d 47, 49 (4 Cir.1975); *McDonald v. Boslow,* 363 F.Supp. 493, 494 (D.Md.1973).

> Maryland law provides that civil actions must be filed within three years of the date on which the cause of action accrues unless a different period is specified by law. Md.Cts. & Jud.Proc.Code Ann., § 5–101. Imprisonment does not toll the running of the statute. *Id.* at § 5–201(c). Because the state rule on tolling the statute of limitations is not inconsistent with federal law, this Court will follow the state rule. *Cramer,* 648 F.2d at 945.

519 F.Supp. 395, 412 (D.Md.1981) (footnote omitted).

Consequently, it is immaterial whether Holsey's complaint is dismissed with or without prejudice, for even if the Court imposes the lesser sanction, it is evident that the underlying claims are now, as they have been since the date of the original dismissal, barred by the applicable statute of limitations. Further inquiry into the propriety of dismissing the case with prejudice is therefore unnecessary. The Court shall instead issue a separate Order dismissing the case without prejudice.