Nancy V. Snead, plaintiff, pro se.

George W. Johnson, Jeffrey P. Ayres and Stephen P. Carney, Baltimore, Md., for defendants.

## Nancy V. SNEAD

v.

## AUTOMATION INDUSTRIES, INC., et al.

### Civ. No. K–81–1825.

United States District Court, D. Maryland.

Aug. 1, 1984.

FRANK A. KAUFMAN, Chief Judge.

Pending before this Court are defendants' motion for summary judgment (docket 86), motion for dismissal pursuant to Federal Civil Rule 37 (docket 67), and second motion to dismiss pursuant to Federal Civil Rules 11 and 41(b).

### FACTS

Plaintiff filed this employment discrimination action on July 20, 1981 (docket 2). Plaintiff sought to maintain her action on a classwide basis and challenged virtually all of defendant Vitro Laboratories Division's employment practices. Defendants filed a motion to dismiss or, in the alternative, for summary judgment, on September 21, 1981.

From the outset, this litigation has been plagued by delays. Initially, this Court engaged in substantial efforts to assist plaintiff in attempting to secure counsel. Such efforts, which spanned in time from October, 1981 through March, 1982, proved unsuccessful. During those months, plaintiff did not contact on a timely basis various attorneys whose names were provided to her. Indeed, due to plaintiff's inaction, the Court on January 15, 1982 informed

plaintiff that her case would be dismissed for lack of prosecution unless plaintiff provided a status report to the Court regarding legal representation on or before January 25, 1982.

Thereafter, this Court scheduled a hearing on defendants' pending motion to dismiss for May 25, 1982 at 9:00 a.m. At approximately 8:30 a.m. that day, plaintiff called this Court and stated that illness would prevent her from attending the hearing. Accordingly, the hearing on that date was canceled.

On June 15, 1982, this Court rescheduled the hearing for July 23, 1982 and provided plaintiff with another possible source for seeking legal representation. On June 29, 1982, plaintiff wrote to this Court, stating that she had checked with three additional lawyers. In response to plaintiff's problems in securing counsel, this Court again postponed the hearing scheduled for July 23, 1982 to September 3, 1982.[1]

Thereafter, a substantial period of delay resulted from plaintiff's repeated attempts to have this litigation stayed until November, 1982. On January 27, 1983, plaintiff, who indicated that she was in the process of relocating, moved once again to postpone the proceedings in this case. After defendants objected to further postponement, this Court, by Memorandum and Order dated May 14, 1983, denied plaintiff's request for further postponement, stating:

"The record in this case, which was originally filed on July 20, 1981, reflects the numerous extensions of time which this Court has granted to Plaintiff for purposes of obtaining counsel and responding to defendants' motions. Under the circumstances, this Court is not prepared to permit this case to be further delayed...."

After entry of that Memorandum and Order, plaintiff noted and briefed two separate, interlocutory appeals to the Fourth Circuit,[2] which were dismissed by that Court. On May 24, 1983, the Fourth Circuit denied plaintiff's request to appeal under 28 U.S.C. § 1292(b). On June 21, 1983, the Fourth Circuit notified plaintiff that, with respect to a further appeal, she would be required to file papers by July 5, 1983 or face dismissal for want of prosecution. Plaintiff did not file such papers, and on August 16, 1983, the Fourth Circuit dismissed plaintiff's second appeal for want of prosecution.

Thereafter, this Court scheduled a hearing on defendants' initial motion for October 27, 1983. On October 17, 1983, plaintiff notified the Court that she would be unavailable until mid-November, as she had joined the armed services. In a memorandum dated October 17, 1983, this Court informed plaintiff that she could be heard by telephone if she was not able to be present at the October 27, 1983 hearing, but that "no further delays will be permitted." Plaintiff did attend, in person,—albeit belatedly—the October 27, 1983 hearing.

During that hearing, this Court denied plaintiff's request to stay all proceedings because of her armed services status pursuant to the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. app. § 501 *et seq.* Thereafter, plaintiff stated, for the first time, that she was leaving the very next day, October 28, 1983, for a two and one-half year military commitment in Europe. In an attempt to avoid further delay, this Court arranged for plaintiff's deposition to be taken that very afternoon at defense counsel's law office and expressly warned plaintiff at the hearing that she should

---

1. That hearing date, by joint request of the parties, was rescheduled first to October 8, 1982, and then to October 22, 1982. As set forth in memoranda dated September 14, 1982 and October 6, 1982, the hearing was then canceled because of the pendency of the *McNutt* case in the Fourth Circuit, which raised the Section 1981 limitations issue then present in this case. See 698 F.2d 676. During that time period, as reflected in correspondence addressed to this Court by defendants dated September 24, 1982, plaintiff failed to provide counsel for defendants a telephone number at which she could be reached.

2. Because of the pendency of those appeals, the hearing with regard to defendants' initial motion, set for May 24, 1983, was canceled.

cooperate fully in connection with the deposition and that any lack of cooperation on her part would result in dismissal of plaintiff's complaint in this case. Despite that warning, plaintiff was not responsive during the deposition proceeding and was, instead, evasive. Accordingly, defense counsel twice found it necessary to telephone to this Court and to seek this Court's orders to require plaintiff's cooperation.

During the first telephone proceeding held on the record, this Court directed plaintiff to provide full answers or face dismissal of this case, with prejudice. Notwithstanding that order, plaintiff continued her evasive tactics in the deposition proceeding and read from a prepared statement, dealing mainly with hiring which was not an issue in the case.

Defense counsel telephoned to this Court once again. During the ensuing telephone proceeding, held on the record, this Court specifically warned plaintiff to provide specific, detailed answers, or to face dismissal of her written claims, with prejudice. Indicative of plaintiff's behavior during the October 27, 1983, deposition was her refusal to provide her telephone number or information regarding marital status and dependents, despite the fact that such information was relevant to the issues of damages under 42 U.S.C. § 1981. The following excerpts from plaintiff's deposition transcript illustrate her failure to comply with this Court's directives to provide specific, detailed answers:

Q. Let's talk about lack of training. Can you give me the name of any white or male employee—

A. You didn't let me finish the first question. If you want me to take this deposition, I know I am not—I don't have everything to give you because I don't recall it all and I am not properly prepared—

Q. If you have any other names, you should give them at this time.

A. As a result of the discrimination that I was subjected to during that time, I had suffered adverse actions from the Defendants, contemporaneous with the opposition and participation and disadvantaging plaintiff engaging in protective activities, and I believe there is evidence that there is a connection between the underlying acts, that is a retaliatory motive playing a part in the adverse employment action which was a direct result of the harassment, transfers, termination and all of the other things that I have alleged in the complaint which these individuals did do acting in their official and individual capacities.

Deposition tr. at 71–72.

At another point, the following exchange took place:

Q. Are you taking the position that every transfer that Vitro made was discriminatory?

A. Yes, they were all discriminatory, and in light of the fact I was engaged by activity—yes, they were all discriminatory in light of the fact that I was engaged in protective activity in opposition to the unlawful participation known by the Defendant which violated my Title VII Civil Rights Act, and as a result of that I suffered adverse reactions from the Defendants disadvantaging myself who was engaged in protective activity, and there is evidence of a connection between the acts that I was subjected to that is retaliatory motive playing a part in the adverse employment action.

Tr. at 86. To this date, plaintiff has failed to sign and return a copy of her deposition to defense counsel.

Following the October 27, 1983 hearing and deposition, plaintiff continued her pattern of noncooperation. Specifically, plaintiff ignored this Court's instruction stated during the October 27, 1983 hearing and in a Memorandum and Order dated October 31, 1983 to provide this Court and defense counsel with her new address, on or before

November 7, 1983.[3] While plaintiff did not provide such information, she did file a memorandum dated November 5, 1983, challenging many of this Court's rulings during the October 27, 1983 proceeding and seeking yet an additional delay of discovery.

Plaintiff's November 5, 1983 memorandum, which bore a Washington, D.C., postmark, also raised questions concerning the veracity of plaintiff's sworn statement at the October 27, 1983 hearing with regard to her imminent departure for military duty in Europe. In the light of the confusion regarding plaintiff's whereabouts, this Court addressed a memorandum to plaintiff on November 16, 1983, in which this Court required plaintiff to inform this Court, in writing, on or before November 30, 1983 of her "exact whereabouts" and to "explain fully why she did not leave the United States for Europe on October 28, 1983, if indeed she did not leave on that day."

Plaintiff submitted a letter dated November 28, 1983 which was unresponsive to this Court's November 16, 1983 memorandum, and merely provided an Alexandria, Virginia, post office box number. In the light of the continuing confusion regarding plaintiff's whereabouts and the veracity of her representations to the Court on October 27, 1983, this Court addressed another memorandum to plaintiff on December 6, 1983, requiring her to respond by December 20, 1983 specifically and in detail to the questions raised in its earlier November 16, 1983 memorandum or face dismissal of her suit with prejudice.

In a letter to this Court dated December 19, 1983, plaintiff stated that she was "presently in Baltimore as a result of death and personal concerns of my immediate family." Plaintiff reiterated, again, that she had received orders for an overseas tour in Europe, "which was (sic) subsequently changed." However, plaintiff failed to explain why she did not leave for Europe and did not provide any clear indication of her current mailing address. Defense counsel, in a letter to this Court dated December 20, 1983, reiterated their "strong concern that [plaintiff] has intentionally misled both the Court and the parties about her whereabouts." Accordingly, this Court issued an additional Order on December 28, 1983 and required plaintiff to provide to this Court a copy of her military orders instructing her to report for overseas duty on October 28, 1983 and a copy of her military orders cancelling her October 28, 1983 European tour of duty.

Alternatively, this Court directed plaintiff to provide to this Court by that same date the name of the appropriate military official who could either supply the requested orders or to explain why their provision should not be required. Plaintiff submitted a letter dated January 11, 1984 stating: "In response to your Order, I do not have the requested material nor do I know where or who has control of the material." At the time plaintiff addressed her December 19, 1983 and January 11, 1984 letters to this Court, plaintiff had already left the armed services, but failed to inform this Court or defendants of that fact even when directed by the Court to clarify her military status. In a February 7, 1984 letter to the Court, counsel for defendants informed this Court that plaintiff was separated from the armed services effective December 12, 1983.

### RULE 41(b)

■ This Court need only consider, in detail, defendants' motion for summary judgment as that motion expressly incorporates defendants' motions to dismiss. *See* Federal Civil Rules 12(b) and 56. Defendants contend that "plaintiff's prosecution of this case is replete with evidence of a willful default on plaintiff's obligation to prosecute her claim in a timely fashion and in compliance with the Federal Rules of

---

**3.** As a result of plaintiff's repeated failure to provide to this Court and to defense counsel her address, this Court and defense counsel have been required to mail multiple copies of memoranda, Orders and several pleadings to plaintiff at various locations in an effort to ensure that plaintiff receive all papers filed or submitted in this case.

Civil Procedure and the orders of this Court." (See defendants' second Motion to Dismiss at 13). Accordingly, defendants argue that plaintiff's action should be dismissed under Federal Civil Rule 41(b) and that summary judgment should be entered for defendants. Alternatively, defendants contend that dismissal is appropriate under Federal Civil Rule 37 because of plaintiff's egregious conduct at her October 28, 1983 deposition and subsequent discovery defaults. Federal Civil Rule 41(b) provides, in relevant part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

Pursuant to Federal Civil Rule 41(b), dismissal of plaintiff's within complaint is appropriate in this case at this time on any one of three distinct grounds: failure to prosecute, failure to comply with the Federal Rules of Civil Procedure and failure to comply with orders of this Court. All three bases separately warrant such dismissal at this time.

As the Fourth Circuit has cautioned, "a dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on the merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978), citing to *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir.1974).

> Against this policy, the district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a " 'drawn out history' of 'deliberately proceeding in a dilatory fashion;' " and (4) the effectiveness of sanctions less drastic than dismissal. *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir.1976).

*Davis* at 70.

Applying those four factors to this case, this Court holds that plaintiff's conduct is sufficiently egregious to warrant dismissal of her written action with prejudice. In view of the record in this case, this Court cannot help but conclude that plaintiff has engaged in a pattern of intentional delay. Where such delay has been found to exist, a Rule 41(b) dismissal with prejudice is warranted. In *Garrison v. International Paper Company*, 714 F.2d 757, 758 (8th Cir.1983), the Court upheld the trial court's dismissal of an employment discrimination action, stating that "a pattern of intentional delay is sufficiently egregious conduct to warrant dismissal with prejudice." *Id.* at 760. *See also Link v. Wabash Railroad Company*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Similarly, in *Stanley v. Continental Oil Company*, 536 F.2d 914, 917 (10th Cir.1976), the Tenth Circuit upheld the trial court's dismissal of a pro se Title VII action; Judge Barrett writing that "the record in the instant case reflects dilatory and unjustifiable conduct in [plaintiff's] failure to prosecute and to comply with the court's orders." In *Davis v. Williams*, 588 F.2d 69 (4th Cir.1978), the Fourth Circuit affirmed the decision of Judge Young of this Court, dismissing with prejudice a case in which the plaintiff had engaged in obstructive behavior, although plaintiff's attorney was responsible for some of the delay. In *Holsey v. Collins*, 90 F.R.D. 646 (D.Md.1981), remanded on other grounds, 701 F.2d 165 (4th Cir.), *on remand*, 559 F.Supp. 50 (D.Md.1983), Senior Judge Watkins dismissed a pro se complaint in which plaintiff failed to file an amended complaint. In *Holsey*, a single failure by plaintiff precipitated dismissal. Herein, plaintiff's failures have been many. *See also Screen v. New York City Department of Finance*, 100 F.R.D. 460 (S.D.N.Y. 1984), in which the Court dismissed with prejudice pro se plaintiff's complaint for failure to prosecute because plaintiff had ignored instructions of the Court and had displayed no interest in proceeding to trial.

In addition to substantially delaying this action, plaintiff has, like the plaintiffs in *Stanley* and *Davis*, consistently flouted Court orders. Additionally, plaintiff did not disclose her separation from the armed

services in at least two letters to this Court, after this Court specifically directed plaintiff to explain her whereabouts and her present military status. Plaintiff's failure to mention the termination of her military service was, at best, only evasive and, most probably, intentionally misleading. Moreover, plaintiff has offered no explanation for her failure to inform this Court of her separation from the military. Plaintiff's conduct constitutes an abuse of judicial process, which Rule 41(b) is designed to prevent. As Judge Young observed in *Dabney v. Burrell*, 67 F.R.D. 132, 133 (D.Md.1975):

> The courts must, and do, stand ready to hear complaints properly filed within the court's jurisdiction. But this readiness must not be interpreted as a willingness to indulge those who seek its protection.... [The plaintiff] flagrantly and inexcusably abused the process and powers of the Court. He has therefore fully earned dismissal of his complaint with prejudice ...

In *Dabney*, Judge Young relied on Rule 41(b) and the Court's inherent powers to protect its procedures, *see Link v. Wabash, supra*, in dismissing with prejudice a plaintiff's complaint in an instance in which plaintiff did not appear for trial because of drunkenness.

In this case, defendants have been prejudiced in their ability to conduct discovery and to evaluate the merits of the claims, and further, have been put to substantial additional expenses because of plaintiff's dilatory and obstructive tactics. Because plaintiff has consistently refused to supply a mailing address, defendants' counsel have mailed multiple copies of pleadings and letters to various locations. Indeed, defendants sent four copies of plaintiff's deposition to different addresses (see defendants' motion for summary judgment at 5). Also, defendants have been deprived of a prompt resolution of this case. Justice is not served by the trial of stale claims, as "memories have faded and evidence will have been lost ..." *Garrison, supra*, 714 F.2d at 760.

This Court is unconvinced that less drastic sanctions would be effective. This Court has repeatedly sought to provide plaintiff with her "day in court", has afforded her one opportunity after another to pursue her action and to comply with Court Orders and has repeatedly warned her that her tactics would result in dismissal of her claim with prejudice. Judge Butzner observed in *Davis* that "the United States District Court in Maryland has a crowded docket. Appropriate sanctions must be available to prevent its work from being impeded by the type of conduct disclosed by this record." *Davis, supra*, 588 F.2d at 71. In *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) the Supreme Court has written:

> [T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

For the reasons set forth *supra* in this opinion, this Court concludes that justice dictates dismissal with prejudice of the within case under Rule 41(b).

*Rule 37(b) Dismissal.*

Federal Civil Rule 37(b)(2) provides for sanctions against parties or persons unjustifiably resisting discovery:

> **(b) Failure to Comply with Order.**
>
> **(2) Sanctions by Court in Which Action is Pending.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, ...

While sanctions imposed pursuant to Rule 37(b) must be in response to a failure to

comply with a court order, such order may be oral and need not be in writing. *Henry v. Sneiders,* 490 F.2d 315 (9th Cir.), *cert. denied,* 419 U.S. 832, 95 S.Ct. 55, 42 L.Ed.2d 57 (1974); *see also Penthouse International, Ltd. v. Playboy Enterprises, Inc.,* 663 F.2d 371 (2d Cir.1981). In this case, this Court's repeated oral orders to plaintiff during her October 27, 1983 hearing in which this Court required plaintiff to provide specific, detailed and responsive answers at her deposition and plaintiff's failures to comply with those orders provide a firm basis upon which Rule 37(b) sanctions can be assessed.

The power to impose sanctions under Rule 37(b) for failure, after court order, to provide discovery is discretionary with the trial court and will be disturbed on appeal only for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 505 (4th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978). However, courts have been reluctant to impose the harsh sanction of dismissal when there has been no showing of a wilful or bad faith default. *Societe Internationale Pour Participations Industrielles v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958). In *Wilson v. Volkswagen of America, supra,* the Fourth Circuit outlined four factors to be considered in imposing the sanction of dismissal under Rule 37:

(1) the needs of the discovery party;

(2) the nature of the noncompliance;

(3) "how the absence of such evidence [not produced] would impair [the other party's] ability to establish their case"; and

(4) whether the noncomplying party's conduct would deprive the other party of a fair trial. *Id.* at 505.

Other courts have recently observed that a Rule 37(b) dismissal with prejudice is appropriate when a party has engaged in a deliberate default. *See Lorin Corp. v. Goto & Co., Ltd.,* 700 F.2d 1202, 1208 (8th Cir.1983); *Anderson v. The Home Insurance Company,* 724 F.2d 82, 84 (8th Cir. 1983).

In the pending case, plaintiff's conduct at her deposition can only be deemed deliberate. Plaintiff read from a prepared statement, refused to answer relevant, non-privileged questions, and continued her evasive tactics even when ordered on two occasions by the Court to provide responsive answers. In short, plaintiff exhibited bad faith at a deposition hastily convened to meet her schedule. Herein, plaintiff's refusal to answer questions substantially impeded defendants' ability to discover essential information in order to prepare for trial. Moreover, plaintiff's deposition conduct does not constitute plaintiff's sole discovery abuse. Plaintiff has, throughout the course of this litigation, failed to respond to defendants' interrogatories and requests for production, even after extensions have been granted. Plaintiff's pattern of unjustifiably resisting discovery is particularly objectionable given the broad scope of plaintiff's complaint and the number of defendants she has sued.

As a final matter, this Court notes that the Fourth Circuit recently affirmed a Rule 37 dismissal, when this same plaintiff, in another action pending in this district, failed to show for her deposition and failed to obey a court order. *See Nancy Snead v. Harry Hughes,* 735 F.2d 1358 (4th Cir. 1984). While plaintiff here did physically appear at her deposition, she was wholly uncooperative. In addition to refusing to provide such rudimentary information as her marital status and number of dependents, plaintiff disregarded specific Court Orders to respond fully to relevant, non-privileged questions. Accordingly, dismissal under Rule 37(b), as well as under Rule 41(b), is appropriate.

## CONCLUSION

Pursuant to the views set forth *supra,* defendants' motion for summary judgment will be granted. An Order to that effect is being entered today.