872 F.2d 418
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carmen Yolanda LIMPARIS, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, U.S. Postal Service,
Defendant-Appellee.
 No. 88-2192.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 17, 1989.
Decided March 9, 1989.
 
 Carmen Yolanda Limparis, appellant pro se.
 Nash Whitney Schott, Office of the United States Attorney, Robert Paul Sindermann, Jr., Carolyn L. Davis, U.S. Postal Service, for appellee.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Carmen Yolanda Limparis brought this Title VII suit against the Postmaster General alleging that she was terminated from her position as a result of handicap discrimination. Trial was set for September 21, 1988, and discovery was to be completed by July 15, 1988. Counsel for the defendant attempted to schedule a deposition of Limparis on several occasions. Depositions were noticed for July 8 and August 31, 1988, and the defendant also attempted to schedule a deposition for August 5, 1988.
 
 
 2
 Limparis refused to be deposed on each of these dates, contending that she had received less than seven days' notice of the scheduled depositions, despite the court's order that she cooperate in setting a deposition date agreeable to both parties.* Further, the defendant offered Limparis an opportunity to set the deposition on a date convenient for her, but Limparis failed to do so. On September 21, the scheduled date for trial, the court dismissed the case without prejudice pursuant to Fed.R.Civ.P. 37 for failure to cooperate in discovery and for refusal to obey an order of the court. Limparis appealed.
 
 
 3
 The decision to impose sanctions is discretionary with the district court and will be overturned only upon a showing of abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). Limparis failed to cooperate with the defendant's numerous attempts to schedule a deposition. Further, the court ordered Limparis to cooperate in scheduling a deposition, and she failed to heed that order. Finally, the defendant was prejudiced by Limparis's lack of cooperation in that, without her deposition, defense counsel was unable to adequately prepare for trial. Therefore, the district court's dismissal was not an abuse of discretion. See, e.g., Snead v. Automation Industries, Inc., 102 F.R.D. 823 (D.Md.1984), aff'd, No. 84-1048 (4th Cir. May 3, 1984) (unpublished).
 
 
 4
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Limparis relies heavily on Local Rule 21(g), which provides that depositions should generally be noticed seven days prior to the date scheduled. That rule also provides, though, that notice may be given less than seven days before the deposition if the matter is not complex or the deposition is particulary urgent. Because of the rapidly approachinig trial date, the notice received by Limparis (two to six days) was sufficient