940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert S. WILLIS, Plaintiff-Appellant,
v.
Scott SECURITY, Defendant-Appellee,
and
Safeway Stores, Inc., Manager and Assistant Manager of
Safeway, Defendants.
 No. 91-1567.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 26, 1991.
Decided July 29, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-89-1830-B)
 Robert S. Willis, appellant pro se.
 Edward Chester Mackie, Rollins, Smalkin, Richards & Mackie, Baltimore, Md., for appellee.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The district court dismissed a diversity action brought by Robert S. Willis against Safeway Stores, Inc. (Safeway) and Scott Security, Inc. (Scott) for failure to comply with discovery orders.[1] He appeals the order dismissing the action as to Scott. We affirm.
 
 
 2
 Safeway served interrogatories and a request for production of documents on Willis, but he failed to respond. Safeway then moved for an order compelling discovery, and the district court granted the motion. When Willis failed to comply with the order, Safeway moved for sanctions, including dismissal of the complaint and costs and attorney's fees. The district court gave Willis an opportunity to respond to the motion for sanctions, and warned him that failure to comply with the discovery order would result in dismissal of the action. Willis moved to suspend the proceedings due to illness, and the district court gave him an opportunity to furnish additional details regarding his illness. When Willis did not answer the letter, the district court gave him additional time to do so. Willis still did not reply, so the district court denied the motion to suspend the proceedings. The district court dismissed the action as to Safeway for failure to comply with the discovery order, but denied the request for attorney's fees and costs.
 
 
 3
 Scott also filed a motion to compel discovery when Willis failed to respond to its interrogatories and request for production of documents. The district court entered an order granting the motion and directing Willis to answer Scott's interrogatories and produce requested documents. When Willis failed to comply, Scott moved for sanctions, including dismissal and costs and attorney's fees. The district court warned Willis that continued noncompliance would result in dismissal of the action. Willis moved for a continuance due to illness. The district court gave Willis additional time to comply with the discovery order and again warned him that failure to comply would result in dismissal. Willis failed to comply, and the district court dismissed the action. Willis appealed the final order dismissing Scott.[2]
 
 
 4
 The decision to impose sanctions is discretionary with the district court and will be overturned only upon a showing of abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). A sanction as severe as dismissal is generally proper only when the plaintiff has refused to comply with court orders and the defendants are prejudiced as a result of plaintiff's failure to comply. Snead v. Automation Industries, Inc., 102 F.R.D. 823 (D.Md.1984).
 
 
 5
 In this case Willis received numerous warnings from the district court and the defendants that the case would be dismissed if he failed to comply with the discovery orders. The court ordered him to answer interrogatories and to produce documents, but he failed to comply. Further, the defendants were prejudiced by Willis's failure to comply, as they were not able to prepare a defense without his answers. Therefore, the district court properly dismissed the action.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The basis for the action was Willis's allegation that a guard at a Safeway grocery store unlawfully detained and searched him as a suspected shoplifter. The guard was an employee of Scott
 
 
 [2]
 The notice of appeal was filed 32 days after the district court's final order. However, as the thirtieth day was a Saturday, the notice of appeal was timely. Fed.R.Civ.P. 6(a)