974 F.2d 1330
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BOARD OF TRUSTEES, Sheet Metal Workers National Pension
Fund; Board of Trustees, Sheet Metal Workers National Cola
Fund; Board of Trustees, National Stabilization Agreement
of Sheet Metal Industry Trust Fund; Board of Trustees,
National Training Fund for the Sheet Metal and Air
Conditioning Industry; Board of Trustees, National Energy
Management Institute Committee; Board of Trustees, Sheet
Metal Occupational Health Institution Trust; Board of
Trustees, Florence Carlough Scholarship Fund, Plaintiffs-Appellees,
v.
Thomas L. KELLY, Defendant-Appellant,
and Waterbury Roofing Company, Incorporated, Defendant.
 No. 91-2279.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 24, 1992
Decided: September 9, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-90-1251-A)
 Thomas L. Kelly, Appellant Pro Se.
 Debra Lynn Glickfeld, Marc LeBlanc, Sheet Metal Workers National Benefit Funds, Alexandria, Virginia, for Appellees.
 E.D.Va.
 Affirmed.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Kelly appeals the district court's order striking his pleadings and entering judgment in favor of the Plaintiffs in this ERISA action. The district court's order was based on Kelly's repeated refusal to appear at a discovery deposition after warnings of the consequences of this course of action. Finding no error, we affirm.
 
 
 2
 If a party refuses to appear at a deposition or otherwise comply with discovery, the court may strike the party's pleadings, enter a default judgment against the party, and impose monetary sanctions. Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Civ. P. 37(d). The court's entry of judgment against a party for failure to comply with discovery is reviewed under an abuse of discretion standard. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). Entry of judgment against an uncooperative party is warranted if the party refused to comply with court orders and the opposing party is prejudiced as a result of the failure to cooperate. Snead v. Automation
 
 
 3
 Indus., Inc., 102 F.R.D. 823 (D. Md.), aff'd, No. 84-1048 (4th Cir. May 3, 1984) (unpublished).
 
 
 4
 In this case, the district court ordered Kelly to appear at a deposition and warned him that failure to comply with discovery could result in sanctions, including the striking of his pleadings and entry of judgment against him. Kelly failed to heed these warnings and repeatedly refused to be deposed. Further, the Plaintiffs were certainly biased by Kelly's refusal to be deposed, both in their inability to obtain crucial information for trial without deposing Kelly, and in the additional attorney's fees they incurred in attempting to gain Kelly's compliance with discovery. Finally, Kelly's refusal to be deposed was not based on any legally justifiable reason. Therefore, the district court did not abuse its discretion in striking Kelly's pleadings and entering judgment in favor of the Plaintiffs.*
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED
 
 
 *
 Kelly asserts in his informal brief that the district court ordered him to obtain counsel in contravention of his right of self-representation. Although Kelly is correct in asserting that he has a right to represent himself, 28 U.S.C. § 1654 (1988), his characterization of the district court's order is inaccurate. The district court merely advised Kelly that it would be in his interest to seek the advice of counsel. The court's entry of judgment in favor of the Plaintiffs was based not on Kelly's failure to obtain counsel, but on his failure to cooperate with discovery